FILED

1  JAN P. WEIR, (State Bar 106652)
   DOUG Q. HAHN, (State Bar 257559)
2  TAYLOR C. FOSS, (State Bar 253486)
   STRADLING YOCCA CARLSON & RAUTH
3  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
4  Telephone: (949) 725-4000
   Fax: (949) 725-4100
5  E-mail: jweir@sycr.com

6  Attorneys for Plaintiff/Relator
   AMPHASTAR PHARMACEUTICALS, INC.
7

2009 JAN -7  AM 11: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 AMPHASTAR PHARMACEUTICALS,
   INC.
12                 Plaintiffs/Relator
13
       vs.
14
15 AVENTIS PHARMA S.A., AVENTIS
   PHARMACEUTICALS, INC., SANOFI-
16 AVENTIS S.A., and DOES 1-10
17
18             Defendants.
19
20
21

EDCV09-0023 SGL

Civil Action No. _____

**PLAINTIFF/RELATOR
AMPHASTAR
PHARMACEUTICALS, INC.'S
*QUI TAM* COMPLAINT FOR
VIOLATIONS OF FEDERAL AND
STATE FALSE CLAIMS ACTS**

**DEMAND FOR JURY TRIAL**

Judge:
Courtroom:

22
23
24                     **FILED UNDER SEAL**
25            **PURSUANT TO 31 U.S.C. § 3730(b)(2)**
26           **FOR IN CAMERA REVIEW BY COURT ONLY**
27        **NOT TO BE LISTED ON A PUBLICLY ACCESSIBLE DOCKET**
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS

DOCSOC/1320129v2/014312-0001

1    Plaintiff/Relator Amphastar Pharmaceuticals, Inc. ("Amphastar") alleges as
2    follows:

3

4    **INTRODUCTION**

5        1.    This is a *qui tam* action brought against defendants for treble damages
6    and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. 3729, *et seq.*
7    and related False Claims actions under related State statutes as will be alleged
8    below.   The False Claims Act, 31 U.S.C. § 3729, *et seq.* and the related State
9    statutes provide for treble damages and civil penalties against anyone who, through
10   fraud or falsity, files – or causes to be filed – a false claim to the government.

11

12       2.    This action arises from fraudulent claims in the form of overcharging
13   submitted to the United States, and the States alleged herein, and their agencies
14   arising from the fraud that Defendants perpetrated on the U.S. Patent & Trademark
15   Office in order to obtain an illegal monopoly in the United States over the drug
16   enoxaparin and the subsequent false and frivolous representations to the U.S. Food
17   & Drug Administration, and other illegal acts complained of herein.

18

19       3.    Plaintiff has standing to bring this *qui tam* action on behalf of the
20   United States government and the governments of the States alleged herein.

21

22       4.    The Federal False Claims Act, pursuant to 31 U.S.C. § 3730(b)(2),
23   and the majority of the equivalent state false claims acts require this complaint to
24   be filed **under seal** and remain sealed for a minimum of sixty days **without**
25   **service on the defendants during that period** to allow the government to
26   determine whether they will join the action.   The Louisiana Medical Assistance
27   Programs Integrity Law and the Michigan Medicaid False Claim Act require such
28   a complaint to remain sealed for at least ninety days.   The Virginia Fraud Against

-2-

1   Taxpayers Act, the Massachusetts False Claims Law, and the Indiana False Claims

2   Act require such a complaint to remain sealed for at least 120 days.  The District of

3   Columbia False Claims Law allows for the complaint to remain sealed for up to

4   180 days depending on the actions of the government attorney.

5

6                                          **PARTIES**

7          5.     Plaintiff/Relator Amphastar Pharmaceuticals, Inc. is a Delaware

8   corporation with its principle place of business in Rancho Cucamonga, California.

9   Amphastar brings this *qui tam* action for violations of the False Claims Acts

10  alleged below on behalf of itself, the United States, and the various States alleged

11  below, and their respective agencies.

12

13         6.     On information and belief, defendant Aventis Pharma S.A. was at one

14  time a French corporation with a its principle place of business in Antony, France.

15  Aventis Pharma S.A. is an successor in interest to Rhone-Poulenc Rorer S.A.,

16  another French corporation which merged in 1999 with Hoechst, a German

17  company, to form Aventis Pharma S.A.   On information and belief, defendant

18  Aventis Pharmaceuticals, Inc. was at one time a wholly owned subsidiary of

19  Aventis Pharma S.A. and was a Delaware corporation with it principle place of

20  business in Bridgewater, New Jersey.  On information and belief, on December 31,

21  2004, defendants Aventis Pharma S.A. and Aventis Pharmaceuticals, Inc., merged

22  with and into defendant Sanofi-Aventis S.A., which is the surviving company.  On

23  information and belief Sanofi-Aventis is a French corporation having a principle

24  place of business in the United States in Bridgewater New Jersey and has held

25  itself out, and continued to do business, under the names Aventis Pharma and

26  Aventis Pharmaceuticals.  Defendants and their predecessors in interest will be

27  referred to jointly herein as "Aventis."

28

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

## JURISDICTION AND VENUE

7.     The district court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 as this action arises under the laws of the United States 31 U.S.C. §§ 3729, *et seq.*  This Court has subject matter jurisdiction over the State Law claims alleged herein pursuant to 31 U.S.C. § 3732(b).

8.     This Court has *in personam* jurisdiction over Defendants because each regularly conducts business in the state of California and because some of the acts complained of herein occurred in the state of California.

9.     Venue is proper in this Court with respect to each Defendant pursuant to 28 U.S.C. §§ 1391(b) and (c) because each has regularly transacted business within this District, is subject to personal jurisdiction in this District, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## FACTS COMMON TO ALL COUNTS

10.     On June 26, 1991 Aventis filed United States Application No. 721,315 entitled "Mixtures of Particular LMW Heparinic Polysaccharides for the Prophlaxis/Treatment of Acute Thrombotic Events," naming Roger Debrie as the alleged inventor.  Aventis subsequently filed a continuation of the its United States Application No. 721,315 which was given United States Patent Application No. 92,577 (" the '577 application").

11.     The '577 application claimed an allegedly novel low molecular weight heparin composition falling within certain defined molecular weight parameters prepared by the depolymerization of naturally occurring heparin.  The '577 application represented that the allegedly novel low molecular weight heparin

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

1    compositions exhibited a half-life longer than known prior art low molecular

2    weight heparins including those disclosed in European Patent No. EP. 40,144.  The

3    '577 application included Example 6 which purported to detail a study where the

4    half-lives of low molecular weight heparins of the type claimed in the '577

5    application were compared to low molecular weight heparins prepared according

6    to the teachings of EP 40,144.

7

8         12.    European Patent No. EP. 40,144, entitled "Nouveaux Polysaccharides

9    Sulfates, Procedes Pour Leur Preparation Et Leur Utilisation Comme

10   Medicaments"  was another Aventis patent originally filed on May 8, 1981 naming

11   Mardiguian as the sole inventor.  The 40,144 patent was claimed priority to an

12   earlier Aventis patent application filed on May 14, 1980 in France ("the French

13   Application No. 8,010,791" or "the '791 application").  The EP 40,144 patent

14   disclosed and claimed various low molecular weight heparin compositions

15   obtained from the same three step salification, esterfication and depolymerization

16   process disclosed in the '577 application.

17

18        13.    Aventis had filed a United States patent application based upon its

19   French Application No. 8,010,791 but abandoned that application after it was

20   rejected by the United States Patent Office.  When Aventis later decided to market

21   enoxaparin in the United States, Aventis set out to obtain patent protection in the

22   United States in order to prevent generic competition for enoxaparin and thereby

23   knowingly and unlawfully gaining monopoly power in the United States market.

24   Since Aventis had abandoned the earlier United States Application based upon the

25   '791 application, Aventis filed the '577 application falsely representing that it

26   disclosed a novel composition invented by Roger Debrie.  However, Mr. Debrie

27   did not invent a new composition but merely used the same basic process disclosed

28

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

1   in the EP 40,144 patent and the related earlier abandoned United States

2   application.

3

4       14.    Aventis knowingly and falsely included Example 6 in the '577

5   application to misrepresent that a single well-controlled study (a "first

6   pharmacokinetic study") showed that the half lives of the '577 compositions and

7   those disclosed in EP 40,144 were significantly different that thus the '577

8   application disclosed a novel composition.  However, the data contained in

9   paragraphs (1), (2) and (3) of Example 6 come from three different studies,

10  performed for three different purposes at three different times, and was cherry

11  picked to give the false impression that the compositions had significantly different

12  half-lives.  Paragraph (3) of Example 6 did not disclose the dose under which the

13  paragraph (3) study was conducted though paragraph (2) of Example 6 stated the

14  studies were conducted "under identical dosage conditions."  In fact the

15  comparative half life study involving the '577 compositions and those of EP

16  40,144 were performed at different dosages.  Aventis knew the doses at which the

17  half-life studies were conducted and concealed the fact that the studies were

18  performed as different dosages from the United States Patent Office.

19

20      15.    Rather than disclose the true conditions, paragraph (1) of Example 6

21  used the arbitrary time of 4.5 hours for the 40mg dose of the '577 compositions;

22  paragraph (4) also used 4.5 hours for the 40mg dose.  Paragraph (3) used 4.5 hours

23  as well, falsely leading the Patent Office to believe that the results reported in

24  paragraph (3) were taken at a 40mg dose.

25

26      16.    Aventis falsely represented in Example 6 that there was a difference

27  in half life between the compositions claimed in the '577 application and those of

28

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

1  EP 40,144.  Aventis knew that there was no difference in half life if the

2  compositions were compared at the same dose.

3

4      17.    Aventis' knowingly false representations regarding the relative half-

5  lives of the compositions of the '577 application and those of EP 40,144 were

6  highly material to the issue of patentability of the claims of the '577 application.

7  On several occasions the United States Patent Office rejected the claims of the

8  '577 application in view of the teachings of EP 40,144.  Aventis specifically relied

9  on the falsely written Example 6 as evidence that the compositions claimed in the

10  '577 patent were patentable over the compositions of EP 40,144.  Aventis falsely

11  represented: "Given the fact that the inventive formulations and those of the

12  European patent exhibit different properties, such as half life, it necessarily follows

13  that the formulations of the invention could not possibly be the same as those of

14  the European patent."  Based upon these false representations and in reliance

15  thereon, the Patent Office allowed the claims of the '577 application and issued the

16  '577 application as United States Patent No. 5,389,618 ("the '618 patent")

17  February 14, 1995.  But for Aventis' false representations and omissions, the '618

18  patent would not have been allowed by the patent office.

19

20      18.    Starting in 1988, new technology allowed Aventis to measure the

21  molecular weight distribution of enoxaparin.  At that time, Aventis measured the

22  molecular weight distribution of a product, which according to the '618 patent, was

23  "prepared according to the [1981] process described in European Patent EP

24  40144."  Aventis determined that the molecular weight distribution of the EP

25  40,144 composition was within the exact ranges claimed in the '618 patent.

26  Aventis falsely filed and continued to prosecute the '577 application knowing that

27  the compositions disclosed and claimed therein were not novel nor patentable over

28  the prior art compositions disclosed in EP 40,144.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

19.    Aventis knowingly concealed the best mode known to it for the manufacture of enoxaparin from the '618 patent's written description.  Thus, Aventis was able to illegally obtain monopoly power in the United States over the drug enoxaparin through its false representations and omissions to the United States Patent Office while concealing the best mode for practicing the invention in willful violation of the United States Patent and Antitrust Laws.

20.    Subsequent to the issuance of the '618 patent, Aventis illegally enforced the fraudulently obtained '618 patent by listing it in the Orange Book administered by the FDA as covering "Lovenox," the brand name for Aventis' enoxaparin.  By listing the '618 patent in the Orange Book, competitors such as Amphastar were required to provide notice to Aventis of an Abbreviated New Drug Application ("ANDA") filing and thereby allowing Aventis to delay generic competition in the relevant market pursuant to the provisions of the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

21.    Aventis also fraudulently listed its United States Patent No. 4,692,435 (the "'435 patent"), in the Orange Book as also covering Lovenox.  The '435 patent was fraudulently listed in that it does not cover Lovenox because, among other reasons, it does not claim a depolymerized heparin.

22.    In 2003 Amphastar filed an ANDA, 76-684 under 21 U.S.C. § 355(j) with the United States Food and Drug Administration (FDA), to obtain approval for—and indicating its intent and preparedness to—commercially manufacture, use, and sell enoxaparin in competition with Aventis before the expiration date of the '618 patent.  On information and belief Aventis learned of Amphastar's ANDA application prior to the normal regulatory notice period and attempted to cover up

1   its knowing fraud in the procurement of the '618 patent by applying to reissue the

2   '618 patent.  Aventis falsely represented the reasons for the reissue and attempted

3   to cover up its fraud by deleting Example 6 of the '618 patent.

4

5       23.     Thereafter, Aventis instituted an objectively baseless litigation against

6   Amphastar, alleging infringement of the invalid, unenforceable, and fraudulently

7   obtained '618 patent.  By filing the lawsuit, Aventis triggered a 30-month stay on

8   FDA approval of Amphastar's ANDA.  Aventis filed this sham litigation for the

9   anticompetitive purpose of delaying or preventing Amphastar's entry into the

10  relevant market

11

12      24.     During the prosecution of the '743 reissue patent, Aventis

13  misrepresented and/or failed to disclose the true reasons for removing Example 6

14  from the written description of the '618 patent, failed to disclose the dosage of the

15  40,144 composition compared to the claimed product in Example 6 (even when

16  asked for this dosage by the Patent Office), failed to disclose that a proper

17  comparison of the same dosages indicated there was no significant difference in

18  the half-life of the claimed product and the prior art product, and failed to disclose

19  highly material studies of compounds prepared according to prior art including EP

20  40,144 which clearly revealed such prior art anticipated the claims of the '618

21  patent and '743 reissue patent.

22

23      25.     Moreover, Aventis made false representations and material omissions

24  to the FDA in order to forestall or foreclose generic competition in order to

25  illegally maintain its illegally-obtained monopoly.  Aventis represented that a

26  generic drug manufacturer had to show that its manufacturing process was

27  equivalent to Aventis' for the generic enoxaparin to be considered safe and

28  effective.  To support its claim, Aventis falsely represented that its manufacturing

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

process for Lovenox has not changed since 1981 (and therefore data showing its safety and effectiveness submitted to the FDA was reliable). Aventis had, however, changed its manufacturing process, contrary to its representations to the FDA, although the changes did not result in a different drug. Aventis fraudulently concealed this fact from the FDA.

26.    On information and belief Aventis has, or has attempted to, control the supply of components or compositions necessary for market approval or the marketing of enoxaparin in an illegal attempt to maintain its illegal monopoly.

27.    Aventis' actions complained of herein have created significant barriers to entry into the relevant market in interstate commerce and are a willful attempt to obtain and retain monopoly control over the relevant market and have adversely effected competition in violation of the antitrust law allowing Aventis to overcharge the governments alleged herein for enoxaparin.

28.    On information and belief, Aventis has used its illegal monopoly to overcharge the Unites States government and the governments of the States alleged herein. On information and belief, Aventis has charged as much as five times the amount for enoxaparin in the United States as Aventis charges for the same drug in Europe.

29.    Defendants, their employees and agents, individually and in concert, knowingly submitted fraudulent billings, records and certifications to the governments alleged herein to secure payments for enoxaparin as set forth in this Complaint.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

30.     As a result of the conduct described in this Complaint, the governments alleged herein were unaware of the matters set forth herein at the time the governments made payments/reimbursements to Defendants resulting from Defendants' fraud on the governments, and the governments erroneous beliefs, which Defendants caused, were material to making the payments at issue.

31.     On information and belief, these false claims began taking place from the initial sale of the drug Lovenox to the governments alleged herein and are ongoing to the present day.

## Count 1

## False Claims Act, 31 U.S.C. 3729

32.     Numerical paragraphs 1 through 29 above are hereby incorporated herein by reference.

33.     On information and belief, through Aventis' illegal monopoly and fraud, Aventis has knowingly presented or caused to be presented to the government a false claim, false record or statement, such that the government was billed—and is currently being billed—for a higher price than it should have been. Aventis' fraud has caused false certifications from the United States Patent Office in the form of the patent grant and delayed FDA approval of generic equivalents.

34.     On information and belief, Aventis' fraud on the PTO and the FDA permitted Aventis to bill for an approved, higher-priced or defectively priced, good (a patented drug, Lovenox) than what was actually provided (in essence, a non-patented drug, enoxaparin).  On information and belief, the governments alleged herein paid the price they actually contracted to pay, but would not have entered the contracts had they known the true facts at the time of contracting.  The

-11-

1  governments would not have accepted nor made payments on invoices for patented
2  Lovenox but for the fraudulently obtained patent.

3  ### Count 2
4  ### <u>California False Claim Act</u>

5  35.   Numerical paragraphs 1 through 31 above are incorporated herein by
6  reference.

7  36.   On information and belief, Amphastar hereby alleges that the actions
8  of Aventis alleged herein constitute violations of California's False Claims Act.
9  CAL. GOV'T CODE §§ 12650- 12655.

10  37.   Amphastar has standing as a *qui tam* relator to bring this cause of
11  action on behalf of the state pursuant to CAL GOV'T CODE § 12652(c)(1).

12

13  ### Count 3
14  ### <u>Delaware False Claims and Reporting Act</u>

15  38.   Numerical paragraphs 1 through 31 above are incorporated herein by
16  reference.

17  39.   On information and belief, Amphastar hereby alleges that the actions
18  of Aventis alleged herein constitute violations of the Delaware False Claims and
19  Reporting Act.  DEL. CODE §§ 1201-1209.

20  40.   Amphastar has standing as a *qui tam* relator to bring this cause of
21  action on behalf of the state pursuant to DEL. CODE § 1203(b).

22

23  ### Count 4
24  ### <u>District of Columbia False Claims Law</u>

25  41.   Numerical paragraphs 1 through 31 above are incorporated herein by
26  reference.

27

28

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

42.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the District of Columbia False Claims Law.  D.C. CODE §§ 2-308.13-20.

43.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to D.C. CODE § 2-308.15(b)(1)

## Count 5
### Florida False Claims Act

44.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

45.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Florida False Claims Act. FLA. STAT. §§ 68.081-.09.

46.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to FLA. STAT. § 68.083.

## Count 6
### Georgia State False Medicaid Claims Act

47.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

48.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Georgia State False Medicaid Claims Act.  GA. CODE ANN. § 49-4-168.

49.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to GA. CODE ANN. § 49-4-168.2.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

## Count 7

### Hawaii False Claims Acts

50.     Numerical paragraphs 1 through 31 above are incorporated herein by reference.

51.     On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of The Hawaii False Claims Acts. HAW. REV. STAT. §§ 661-21 through 29.

52.     Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to HAW. REV. STAT. § 661-25.

## Count 8

### Illinois Whistleblower Reward and Protection Act

53.     Numerical paragraphs 1 through 31 above are incorporated herein by reference.

54.     On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Illinois Whistleblower Reward and Protection Act.  740 ILL. COMP. STAT. 175/1.

55.     Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to 740 ILL. COMP. STAT 175/4(b).

## Count 9

### Indiana False Claims and Whistleblower Protection Act

56.     Numerical paragraphs 1 through 31 above are incorporated herein by reference.

57.     On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of Indiana False Claims and Whistleblower Protection Act.  IND. CODE § 5-11-5.5-1.

1      58.     Amphastar has standing as a *qui tam* relator to bring this cause of

2  action on behalf of the state pursuant to IND. CODE § 5-11-5.5-4.

3

4                            **Count 10**

5      **<u>Louisiana Medical Assistance Programs Integrity Law</u>**

6      59.     Numerical paragraphs 1 through 31 above are incorporated herein by

7  reference.

8      60.     On information and belief, Amphastar hereby alleges that the actions

9  of Aventis alleged herein constitute violations of the Louisiana Medical Assistance

10  Programs Integrity Law.  LA. REV. STAT. ANN. §§ 46:437.1-440.3.

11      61.     Amphastar has standing as a *qui tam* relator to bring this cause of

12  action on behalf of the state pursuant to LA. REV. STAT. ANN. § 46:439.1.

13

14                            **Count 11**

15             **<u>Massachusetts False Claims Law</u>**

16      62.     Numerical paragraphs 1 through 31 above are incorporated herein by

17  reference.

18      63.     On information and belief, Amphastar hereby alleges that the actions

19  of Aventis alleged herein constitute violations of the Massachusetts False Claims

20  Law.  MASS. GEN. LAWS ANN. ch. 12, § 5.

21      64.     Amphastar has standing as a *qui tam* relator to bring this cause of

22  action on behalf of the commonwealth pursuant to MASS. GEN. LAWS ANN. ch. 12,

23  § 5C(2).

24

25                            **Count 12**

26              **<u>Michigan Medicaid False Claim Act</u>**

27      65.     Numerical paragraphs 1 through 31 above are incorporated herein by

28  reference.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

66.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Michigan Medicaid False Claims Act.  MICH. COMP. LAW SERV. §§ 400.601-.613.

67.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to MICH. COMP. LAW SERV. § 400.610a.

## Count 13
### Montana False Claims Act

68.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

69.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Montana False Claims Act. MONT. CODE ANN. §§ 17-8-401 to -412.

70.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to MONT. CODE ANN. § 17-8-406.

## Count 14
### Nevada False Claims Act

71.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

72.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Nevada False Claims Act. NEV. REV. STAT. ANN. §§ 357.010-.250.

73.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to NEV. REV. STAT. ANN. § 357.080.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

## Count 15

### New Hampshire Health Care False Claims Law

74. Numerical paragraphs 1 through 31 above are incorporated herein by reference.

75. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the New Hampshire Health Care False Claims Law.  N.H. REV. STAT. ANN. §§ 167:58 to 62.

76. Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to N.H. REV. STAT. ANN. § 167:61-b.

## Count 16

### New Jersey False Claims Act

77. Numerical paragraphs 1 through 31 above are incorporated herein by reference.

78. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the New Jersey False Claims Act. N.J. STAT. ANN. §§ 2A:32C-1 to -17.

79. Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to N.J. STAT. ANN. §§ 2A:32C-5.

## Count 17

### New Mexico Medicaid False Claims Act

80. Numerical paragraphs 1 through 31 above are incorporated herein by reference.

81. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the New Mexico Medicaid False Claims Act.  N.M. STAT. ANN. §§ 27-14-1 to -10.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

82.    Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to N.M. STAT. ANN. §§ 27-14-8.

## Count 18

### New Mexico Fraud Against Taxpayers Act

83.    Numerical paragraphs 1 through 31 above are incorporated herein by reference.

84.    On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the New Mexico Fraud Against Taxpayers Act.  N.M. STAT. ANN. §§ 44-9-1 to -10.

85.    Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to N.M. STAT. ANN. § 44-9-5.

## Count 19

### New York False Claims Act

86.    Numerical paragraphs 1 through 31 above are incorporated herein by reference.

87.    On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the New York False Claims Act.  N.Y. STATE FIN. LAW §§ 187-194.

88.    Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to N.Y. STATE FIN. LAW § 190(2).

## Count 20

### Oklahoma Medicaid False Claims Act

89.    Numerical paragraphs 1 through 31 above are incorporated herein by reference.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

90. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Oklahoma Medicaid False Claims Act. OKLA. STAT. tit. 63, §§ 5053-5053.6.

91. Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to OKLA. STAT. tit. 63, § 5053.3.

## Count 21

### Rhode Island State False Claims Act

92. Numerical paragraphs 1 through 31 above are incorporated herein by reference.

93. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of Rhode Island State False Claims Act. R. I. GEN. LAWS §§ 9-1.1-1 to -8.

94. Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to R. I. GEN. LAWS § 9-1.1-4(b).

## Count 22

### Tennessee False Claims Act

95. Numerical paragraphs 1 through 31 above are incorporated herein by reference.

96. On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Tennessee False Claims Act. TENN. CODE ANN. §§ 4-18-101 to -108.

97. Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to TENN. CODE ANN. § 4-18-104(c).

## Count 23

### Tennessee Medicaid False Claims Act

-19-

98.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

99.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Tennessee Medicaid False Claims Act.  TENN. CODE ANN. §§ 71-5-181 to -185.

100.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to TENN. CODE ANN. § 71-5-183.

### Count 24
### Texas Medicaid Fraud Prevention Law

101.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

102.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Texas Medicaid Fraud Prevention Law.  TEX. HUM. RES. CODE ANN. §§ 36.001-36.117.

103.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to TEX. HUM. RES. CODE ANN § 36.101.

### Count 25
### Virginia Fraud Against Taxpayers Act

104.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

105.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Virginia Fraud Against Taxpayers Act.  VA. CODE. ANN. §§ 8.01-216.1 through 8.01-216.19.

106.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to VA. CODE. ANN. § 8.01-216.5(a).

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

**Count 26**

**Wisconsin False Claims For Medical Assistance Act**

107.   Numerical paragraphs 1 through 31 above are incorporated herein by reference.

108.   On information and belief, Amphastar hereby alleges that the actions of Aventis alleged herein constitute violations of the Wisconsin False Claims for Medical Assistance Act.  WIS. STAT. § 20.931.

109.   Amphastar has standing as a *qui tam* relator to bring this cause of action on behalf of the state pursuant to WIS. STAT. § 20.931(5)(a).

**PRAYER FOR RELIEF**

WHEREFORE, Amphastar prays for the following:

A.   An award of damages to the United States and the States alleged herein in the amount of three times the damages sustained by the government regarding the false claims and fraud alleged herein with statutory appropriate portions awarded to Relator Amphastar;

B.   Discouragement of Defendants' profits unjustly obtained from the governments alleged herein;

B.   The imposition of civil penalties against defendants for each and every false or fraudulent claim presented by, on behalf of, or for the benefit of defendants to any agency of the Untied States government or the governments of the States alleged herein;

C.   Interest and Costs;

D.   Attorneys fees as allowed by law; and

E.   Such further relief as this Court may deem just and equitable.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS
DOCSOC/1320129v2/014312-0001

1   DATED: January 7, 2009          Respectfully submitted,

2

3                                    STRADLING YOCCA CARLSON & RAUTH

4                                    By:
                                        Jan P. Weir
5                                      Attorneys For Plaintiff/Relator
                                       Amphastar Pharmaceuticals, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -22-

1

## **DEMAND FOR JURY TRIAL**

2

3          Pursuant to FED. R. CIV. P. 38, Plaintiff/Relator Amphastar, hereby demands

4     a trial by jury on its counterclaims.

5

6

7     DATED: January 7, 2009          Respectfully submitted,

8                                     STRADLING YOCCA CARLSON & RAUTH

9

10    By:_____
            Ian P. Weir
11          Attorneys For Plaintiff/Relator
            Amphastar Pharmaceuticals, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE FALSE CLAIM ACTS

DOCSOC/1320129v2/014312-0001