WILLIAM B. DAWSON (*pro hac vice*)
WDawson@gibsondunn.com
M. SEAN ROYALL (*pro hac vice*)
SRoyall@gibsondunn.com
TRACEY B. DAVIES (*pro hac vice*)
TDavies@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201-6912
Telephone: 214.698.3100
Facsimile: 214.571.2900

STEPHEN C. PAYNE (*pro hac vice*)
SPayne@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.887.3693
Facsimile:  202.530.4237

JAMES L. ZELENAY JR. (SBN 237339)
JZelenay@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7449
Facsimile: 213.229.6449

GIBSON, DUNN & CRUTCHER LLP

Attorneys for Defendants
AVENTIS PHARMA S.A.,
AVENTIS PHARMACEUTICALS, INC.,
And SANOFI-AVENTIS S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMPHASTAR PHARMACEUTICALS, INC.,<br><br>Plaintiff/Relator,<br><br>v.<br><br>AVENTIS PHARMA S.A., AVENTIS PHARMACEUTICALS, INC., SANOFI-AVENTIS S.A., AND DOES 1-10,<br><br>Defendants. | CASE NO. EDCV09-00023 MJG (OPx)<br><br>**DEFENDANTS' REPLY TO RELATOR AMPHASTAR'S OBJECTIONS TO BILL OF COSTS**<br><br>Judge:  Hon. Marvin J. Garbis |

Aventis respectfully submits this reply in support of its Bill of Costs and accompanying Itemization. *See* ECF Nos. 385 & 385-1. In its Objections (ECF No. 395), Amphastar does not dispute its obligation to pay $42,368.69 in expenses incurred by Aventis for (i) court transcripts ($7,551.30), (ii) deposition costs ($20,087.75), (iii) courthouse reproduction costs related to the copying of Amphastar laboratory notebooks sequestered by the Court upon its discovery of Amphastar's litigation misconduct ($1,812.18), (iv) fees for service of process ($1,266.00), (v) certain costs related to the copying of discovery materials ($10,925.42), and (vi) certain exemplification costs ($725.94). For the reasons set forth below, Amphastar's objections to reimbursing Aventis for the other expenses claimed as just costs pursuant to 28 U.S.C. § 1919, and taxable under 28 U.S.C. § 1920, are meritless.[1]

## I. AVENTIS'S EXPENSES FOR PRODUCING ELECTRONIC DOCUMENTS AND PHOTOCOPYING CASE-RELATED MATERIALS ARE RECOVERABLE

Aventis seeks to recover two distinct types of reproduction costs: (i) discrete and well-defined categories of costs associated with producing Aventis's electronic documents to Amphastar and (ii) photocopies made by counsel for Aventis – i.e., in-house duplication – with respect to the parties' document production, court filings, transcripts, and the like. Itemization at 2:23-3:7. Amphastar conflates these two categories, suggests that Aventis's photocopying was "merely for the convenience of the attorneys" rather than "necessary," and then argues that Aventis is only entitled to recover the costs for creating one hard-copy set of the 99,322 pages of electronic documents that Aventis produced in this case pursuant to Amphastar's discovery

---

[1] Contrary to Amphastar's assertion that Aventis improperly "relies on the much broader Local Rule 54 in support of the 'just costs' it seeks," Objection at 3:10-12, Aventis's basis for its Bill of Costs is the Court's finding that Aventis is entitled to its "just costs" under § 1919. *See* Itemization at 2:7-8 (citing Judgment Order (ECF No. 378)).

requests. *See* Objection at 5:6-8, 6:1-4 & n.3. Amphastar does not challenge the $0.11 per page cost that Aventis used to tally its photocopying costs. *Id.* at 6:1-4.

Amphastar's attempt to artificially limit Aventis's substantiated duplication and production costs has no basis in law or fact. Amphastar cites no law for the proposition that a party cannot receive as "just costs" expenses directly relating to producing its own electronic documents to the requesting party and the costs of copying *other* produced documents or case-related materials. Nor could it. When interpreting the types of "costs" allowable under § 1920(4), countless courts – including the Ninth Circuit in one of the cases Amphastar cites to support its Objection – have authorized recovery of both types of expenses. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 932-33 (9th Cir. 2015) (affirming district court award of electronic discovery costs, such as "TIFF conversion," as well as traditional paper "copying/'blowback' costs") (cited in Objection at 5:14-17); *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1326, 1329-30, (Fed. Cir. 2013) (recognizing that "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case," as proscribed in § 1920(4), included electronic discovery *and* traditional photocopying costs).[2]

The number of pages copied by Aventis was more than reasonable. Including the prior related patent litigation between the parties, which was a central focus of the original source issue, Amphastar and Aventis produced approximately 13,000 and

---

[2] Amphastar's contention that the $4,169.43 Aventis seeks to recover for its electronic discovery costs is unsubstantiated, *see* Objection at 6:5-6, cannot be squared with the Declaration of Bud Slater, which describes with specificity the types of work listed on the invoices Aventis submitted with its Bill of Costs, *see* Itemization at 6-8, 33-45 (Ex. D). Notably, Amphastar does *not* dispute that those types of electronic discovery expenses – for example, TIFF conversion and text extraction – are recoverable under § 1920(4). *See, e.g., CBT Flint Partners*, 737 F.3d at 1329-30, 1332-33 (surveying case law and finding that such electronic discovery expenses, among others, fall within § 1920(4)). Indeed, the Ninth Circuit has expressly recognized that the categories of costs identified in § 1920 "may be helpful in determining what costs to award" pursuant to § 1919. *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1552, 1160 (9th Cir. 2012) (emphasis omitted).

650,000 pages of documents, respectively, in this matter. Declaration of Jason C. McKenney in Support of Defendants' Reply to Amphastar's Objections to Bill of Costs at ¶¶ 2-6 ("McKenney Decl."). Thus, the cost of creating and maintaining *one set* of the parties' original document productions – an indisputably reasonable practice – would exceed, by nearly a factor of two, the $38,950.68 expense Aventis claimed in its Bill of Costs to duplicate 356,072 pages. Itemization at 4. In addition, a substantial proportion of Aventis's claimed in-house photocopying costs were incurred in the period spanning April to October 2014, reflecting the large volume of deposition exhibits, expert reports, court filings, trial exhibits, and closing argument materials relating to the original source issue. Itemization at 46-186 (reflecting that 95 out of the 140 pages of itemized duplication costs are dated from this period). Such photocopying is indisputably "necessary" under § 1920. *See, e.g.,* 10 Fed. Prac. & Proc. Civ. § 2677 (3d ed.) (explaining that valid copying fees need only be "necessary to counsel's effective performance or the court's handling of the case" or otherwise "trial-connected").

## II. AVENTIS'S EXEMPLIFICATION COSTS ARE "JUST" AND REASONABLE

Amphastar asserts that § 1919 precludes Aventis from recovering its costs "associated with summaries, computations, comparisons, charts, diagrams, and other visual aids." Objection at 7:9-12. No such limit is actually present in § 1919, much less § 1920, and again, Amphastar's own authority belies its objections. In *In re Online DVD-Rental*, the district court granted, and the Ninth Circuit affirmed, over $240,000 in costs under § 1920(4) that included fees expended for "*preparing visual aids*" and, as here, costs associated with "vendors [that] were only paid to perform the *tasks associated with production* and not for creating the substantive content of the visual aids." 79 F.3d at 932 (emphasis added) (cited in Objection at 5:14-17). And in *Cefalu v. Village of Elk Grove*, 211 F.3d 416 (7th Cir. 2000), the court held the defendant could recover as exemplification costs fees for "the more familiar means of

illustration – models, charts, graphs, and the like." *Id.* at 427-29 (cited in Objection at 7:21-26). The court further found that, "in view of the *illustrative* purpose of exemplification," the defendant could also recover expenses associated with "other types of computer-based, multimedia displays," including $27,000 incurred to develop an electronic media system that displayed exhibits to the jury. *Id.* (emphasis added).

Amphastar further argues that Aventis's visual aids were an unnecessary "luxury." Objection at 8:11-15. This objection is frivolous. *Both* parties used professional trial graphics to present their thematic and evidentiary points for the Court's benefit, which is hardly surprising. The original source hearing involved highly technical scientific evidence, including laboratory notebooks concerning scores of events that occurred over many years and a complex patent litigation record. While Amphastar would apparently limit its opponent to using an Elmo projector and chalkboard, litigation in modern complex cases involves PowerPoint presentations, computers, displays, and graphics, including the necessary retention of information technology assistance to facilitate the actual creation and presentation of those graphics. *See Cefalu*, 221 F.3d at 428 ("Allowing fees for the cost of preparing the transparency but not for renting the projector would . . . be a highly formalistic distinction, as each is key to the illustrative function of the exhibit" and thus recoverable).[3]

The Court was the audience for (and the beneficiary of) the graphics included in Aventis's evidentiary presentation and is well-positioned to assess whether it was reasonable for Aventis to avail itself of modern technology to organize and present the evidence at issue. *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at *7 (N.D. Ill. Oct. 20, 2011) (taxing fees charged by "technological consultants" for

---

[3] *Cf. Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) (holding that "[s]ince the [court] reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript" under § 1920(2)).

assisting with evidence presentation at trial, reasoning that, as here, those services represented an "efficient, time-saving method of presenting complex evidence under the circumstances").

### III. AMPHASTAR'S MISCHARACTERIZATION OF AVENTIS'S *BONA FIDE* INTERPRETER COSTS SHOULD BE REJECTED

Amphastar objects to certain claimed interpreter expenses on the ground that the witness deposed on the date of the invoice did not need an interpreter. Objection at 7:1-4. This objection shows that Amphastar continues to struggle with the basic concept of being forthright with this Court.

Aventis retained an interpreter to attend the May 6, 2014 deposition of Mr. Robert Fei. Mr. Fei was Amphastar's lead scientist on the experiments at the center of Amphastar's jurisdictional claim to qualify as an original source. English is a second language for Mr. Fei and, as the Court witnessed during the hearing, it can be difficult to understand and communicate with Mr. Fei due to a language barrier. Hence, Aventis retained an interpreter to assist in his deposition and incurred $1,150.00 in expenses to do so. McKenney Decl. Ex. A at 3:17-18 (appearance pages to transcript of Mr. Fei's May 6, 2014 deposition identifying Siye Yu as the "interpreter"). The translation company, Transperfect, invoiced Aventis for payment on June 13, 2014. Itemization at 3, Ex. C (Transperfect invoice).

Amphastar's lead counsel, Jan Weir, and the chief legal officer of Amphastar, Richard Whitlow, attended Mr. Fei's deposition. McKenney Decl. Ex. A at 3:4-10. Thus, Mr. Weir and Mr. Whitlow *witnessed* the presence of the interpreter. Notwithstanding that Amphastar was therefore fully aware of the exact nature of Aventis's interpretation expense, Amphastar objects to this clearly recoverable cost by treating the date the translation company invoiced Aventis as the date on which the translation services were provided. *See* Objection at 6:18-22. This effort to misdirect the Court from awarding undisputedly recoverable costs is illustrative of the manner in

which Amphastar has litigated this entire case and confirms the appropriateness of awarding "just costs" here.

* * *

Amphastar does not dispute $42,368.69 of Aventis's costs. For the reasons described above, the Court should reject Amphastar's objections to the remaining $141,418.84 of Aventis's costs and award Aventis the entirety of the $183,787.53 of just costs Aventis identified, itemized, and substantiated in its Bill of Costs and Itemization.

Dated: August 12, 2015        Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
William B. Dawson
M. Sean Royall
Stephen C. Payne
Tracey B. Davies
James L. Zelenay Jr.
Richard H. Cunningham


By: /s/ *Tracey B. Davies*
    Tracey B. Davies

Attorneys for Defendants,
AVENTIS PHARMA S.A.,
AVENTIS PHARMACEUTICALS, INC.,
and SANOFI-AVENTIS S.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

    I am employed in Dallas, Texas. I am over the age of 18 and not a party to this action; my business address is 2100 McKinney Avenue, Suite 1100, Dallas, TX 75229

    On August 12, 2015, I caused the service of a true and correct copy of the documents described as follows:

**DEFENDANTS' REPLY TO RELATOR AMPHASTAR'S OBJECTIONS TO BILL OF COSTS**

**[X]** by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice list by operation of the Court's CM/ECF System.

**[X]** by U.S. Mail in the ordinary course of business to the non-CM/ECF participants indicated on the attached Manual Notice List.

    I declare under penalty of perjury under the laws of the United States of America and the State of Texas that the above is true and correct.

    Executed on August 12, 2015 at Dallas, Texas.


| Tracey B. Davies | /s/ Tracey B. Davies |
|---|---|
| (Type or Print Name) | (Signature) |

# SERVICE LIST

**ELECTRONIC MAIL NOTICE**

The following are those who are currently on the list to receive email notices for this case:

**Relator Amphastar Pharmaceuticals, Inc.**
Jan P. Weir, Cal. Bar No. 106652
jan.weir@klgates.com
Joseph J. Mellema, Cal. Bar No. 248118
joseph.mellema@klgates.com
Taylor C. Foss, Cal. Bar No. 253486
taylor.foss@klgates.com
Jennifer A. Mauri, Cal. Bar No. 276522
jennifer.mauri@klgates.com
James W. Matthews, Mass. Bar No. 56050
james.matthews@klgates.com
Katy E. Koski, Mass. Bar No. 650613
katy.koski@klgates.com
Jason L. Drori, Mass. Bar No. 665865
jason.drori@klgates.com
K&L GATES LLP
1 Park Place
Twelfth Floor
Irvine, CA 92614
Telephone: (949) 253-0900

**United States**
Linda A. Kontos
usacac.civil@usdoj.gov
Office of the Attorney General
441 4th Street NW
Washington, DC 20001

**MANUAL NOTICE**

**State of California**
Emmanuel Salazar
Deputy Attorney General
CA Bureau of Medi-Cal Fraud & Elder Abuse
1425 River Park Drive, Suite 300
Sacramento, CA 95815

Gibson, Dunn & Crutcher LLP

DEFENDANTS' REPLY TO AMPHASTAR'S
OBJECTIONS TO BILL OF COSTS               2

1  **State of Delaware**
   Susan Kennedy, Director
2  Medicaid Fraud Control Unit of D.C.
   Office of D.C. Inspector General
3  717 14th St., N.W., 5th Floor
   Washington, D.C. 20005
4
   **State of Florida**
5  James V. Varnado, Director
   Medicaid Fraud Control Unit of Florida
6  Office of the Attorney General
   The Capitol, PL-01
7  Tallahassee, FL 32399-1050

8  **State of Georgia**
   Charles Richards, Director
9  Medicaid Fraud Control Unit of Georgia
   Office of the Attorney General
10 200 Piedmont Ave.
   S.E. West Tower, 19th Floor
11 Atlanta, GA 30334

12 **State of Hawaii**
   Michael L. Parrish, Director
13 Medicaid Fraud Control Unit of Hawaii
   Office of the Attorney General
14 333 Queen Street, 10th Floor
   Honolulu, HI 96813
15
   **State of Illinois**
16 Illinois State Police
   Medicaid Fraud Control Unit
17 801 South 7th Street, Suite 500-A
   Springfield, IL 62703
18
   **State of Indiana**
19 Allen K. Pope, Director
   Medicaid Fraud Control Unit of Indiana
20 Office of the Attorney General
   8005 Castleway Drive
21 Indianapolis, IN 46250-1946

22 **State of Louisiana**
   Fred A. Duhy, Director
23 Medicaid Fraud Control Unit of Louisiana
   Office of the Attorney General
24 P.O. Box 94005
   Baton Rouge, LA 70804-9005
25
   **State of Massachusetts**
26 Steven Hoffman, Director
   Medicaid Fraud Control Unit of Massachusetts
27 Office of the Attorney General
   One Ashburton Place
28 Boston, MA 02108

| | |
|---|---|
| 1 | **State of Michigan** |
| 2 | David Tanay, Director<br>Medicaid Fraud Control Unit of Michigan<br>Office of the Attorney General |
| 3 | 2860 Eyde Parkway<br>East Lansing, MI 48823 |
| 4 | |
| 5 | **State of Montana**<br>Debrah Fosket, Director |
| 6 | Medicaid Fraud Control Unit of Montana<br>Division of Criminal Investigation<br>303 N. Roberts St., Room 367 |
| 7 | Helena, MT 59620 |
| 8 | **State of Nevada** |
| 9 | Mark N. Kemberling, Director<br>Medicaid Fraud Control Unit of Nevada<br>Office of the Attorney General |
| 10 | 100 North Carson St.<br>Carson City, NV 89701-4717 |
| 11 | |
| 12 | **State of New Hampshire**<br>Karin M. Eckel, Director |
| 13 | Medicaid Fraud Control Unit of New Hampshire<br>Office of the Attorney General<br>33 Capitol Street |
| 14 | Concord, NH 03301-6397 |
| 15 | **State of New Jersey**<br>Nicole Rizzolo, Director |
| 16 | Medicaid Fraud Control Unit of New Jersey<br>Office of the Attorney General |
| 17 | 25 Market Street<br>P.O. Box 094 |
| 18 | Trenton, NJ 08625 |
| 19 | **State of New Mexico**<br>Mr. Jody Curran, Director |
| 20 | Medicaid Fraud Control Unit of New Mexico<br>Office of the Attorney General |
| 21 | 111 Lomas Blvd. N.W., Suite 300<br>Albuquerque, NM 87102 |
| 22 | |
| 23 | **State of New York**<br>Monica Hickey-Martin, Director<br>Medicaid Fraud Control Unit of New York |
| 24 | Office of the Attorney General<br>120 Broadway, 13th Floor |
| 25 | New York, NY 10271 |
| 26 | **State of Oklahoma**<br>Ms. Mykel Fry, Director |
| 27 | Medicaid Fraud Control Unit of Oklahoma<br>Office of the Attorney General |
| 28 | 313 NE 21st St.<br>Oklahoma City, OK 73105 |

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' REPLY TO AMPHASTAR'S
OBJECTIONS TO BILL OF COSTS                4

**State of Rhode Island**
James F. Dube, Director
Medicaid Fraud Control Unit of Rhode Island
Office of the Attorney General
150 S. Main Street
Providence, RI 02903

**State of Tennessee**
Norman Tidwell, Director
Medicaid Fraud Control Unit of Tennessee
Bureau of Investigation
901 R.S. Gass Boulevard
Nashville, TN 37216-2639

**State of Texas**
W. Rick Copeland, Director
Medicaid Fraud Control Unit of Texas
Office of the Attorney General
6330 Hwy 290 East, Suite 250
Austin, TX 78723

**State of Virginia**
Randall L. Clouse, Director
Medicaid Fraud Control Unit of Virginia
Office of the Attorney General
900 E. Main Street, 5th Floor
Richmond, VA 23219

**State of Wisconsin**
Medicaid Fraud Control Unit of Wisconsin
Office of the Attorney General
P.O. Box 7857
Madison, WI 53707-7857