1  JAN P. WEIR (106652)
2  *jweir@mrllp.com*
   17901 Von Karman Avenue, Suite 1000
3  Irvine, CA  92614
   T:  714.557.7990
4  F:  714.557.7991
5  *Pro Se*
6
7
8              **UNITED STATES DISTRICT COURT**
9       **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**
10
11 | IN RE. PROCEDINGS REGARDING CONDUCT OF COUNSEL, | Case No.: EDCV 5:09-00023-MJG (OPx) |
12 | JAN P. WEIR, Appellant. | Honorable Marvin J. Garbis |
13 | In the Matter Styled: | **TRANSCRIPT OF TELEPHONIC PROCEEDINGS ON MAY 13, 2016** |
14 | The UNITED STATES, the DISTRICT OF COLUMBIA, the states of | **BEFORE THE HONARABLE MARVIN J. GARBIS, BALTIMORE, MARYLAND [453]** |
15 | CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, | |
16 | ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, | |
17 | MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW | |
18 | MEXICO, NEW YORK, OKLAHOMA, RHODE ISLAND, | |
19 | TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, ex rel. AMPHASTAR | |
20 | PHARMACEUTICALS, INC., | |
21 |            Plaintiffs/Relator, | |
22 |    v. | |
23 | AVENTIS PHARMA S.A., AVENTIS PHARMACEUTICALS, INC., | |
24 | SANOFI-AVENTIS S.A., and DOES 1-10, | |
25 |            Defendants. | |
26
27
28

**TRANSCRIPT OF PROCEEDINGS**

1

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
                      EASTERN DIVISION-RIVERSIDE


AMPHASTAR PHARMACEUTICALS
INC.,
                                        CIVIL CASE NO.
            v.                          09-0023-MJG

AVENTIS PHARMA SA, ET AL.,
            Defendants
_____/

                    (Conference Call)
                   Friday, May 13, 2016
                   Baltimore, Maryland


Before:  Honorable Marvin J. Garbis, Judge


Appearances: (By Telephone)
        On Behalf of Plaintiff Amphastar:
          Wayne R. Gross, Esquire
          Bret D. Hembd, Esquire
          Taylor C. Foss, Esquire
          Jennifer A. Mauri, Esquire
          Katherine Brandt, Esquire

        On Behalf of Defendant Aventis, et al.:
          Tracey B. Davies, Esquire
          Mark A. Perry, Esquire
          Richard H. Cunningham, Esquire

        On Behalf of K&L Gates and Weir:
          Alan J. Weil, Esquire



Reported by:
Mary M. Zajac, RPR, FCRR
Fourth Floor, U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
```

2

1          (Conference Call at 4:01 p.m. in Chambers:)

2          THE COURT:  Okay.  This the case of Amphastar versus

3     Aventis, EDCV 09-0023-MJG, Central District of California.

4          Could we just get -- let's find out who's on.  And let

5     me say this.  Every time you speak, before you say anything, just

6     state what your name is.  Let's start with counsel for Aventis.

7          MS. DAVIES:  Yes, Your Honor.  This is Tracey Davies.

8     I'm joined by my colleagues from Gibson Dunn, Mark Perry and Rich

9     Cunningham.  We also have our client, Dan Dovdavany, from

10     Aventis, on the line.

11          THE COURT:  Okay.  Now, how about for Amphastar?

12          MR. GROSS:  For Amphastar, Your Honor, it's Wayne Gross

13     and Bret Hembd from Greenberg Gross.  We also have Jason

14     Shandell, the client, with us as well.

15          THE COURT:  Okay.  And how about for counsel, that is

16     for Weir?  And I don't know if Weir and K&L are represented by

17     the same attorney?

18          MR. WEIL:  That's right, Your Honor.  This is Alan

19     Weil.  I'm with Corey Klein, Kendall Brill and Kelly.  We

20     represent K&L Gates.  And Mr. Weir, and Mr. Weir is also on the

21     line.

22          THE COURT:  Okay.  Very well.  I think that --

23          MR. FOSS:  Also on the line for Amphastar is Taylor

24     Foss, Jennifer Mauri, and Katherine Brandt from Michelman

25     Robinson.

3

1          THE COURT:  Okay.  Thank you.  Well, I think -- first

2    of all, I'm happy to see that you have reached a resolution on

3    the cost business.  So we won't discuss that.

4          I guess we have three subjects, the first of which is

5    to get a date for the filing of response to show cause, and then

6    any reply.  So let's get that date.

7          When, for either Amphastar or counsel, I think, when do

8    you want to file?  What's a rational date for you folks to take?

9          MR. WEIL:  Your Honor, this is Alan Weil.  Before we

10   pick a date that is acceptable to Your Honor, the OSC Your Honor

11   has issued and the companion order lays some questions that I

12   would like to address, if the Court will permit me.  It may

13   affect the date that you pick for a response.

14         THE COURT:  I'm sorry.  Could I, who is it who issued

15   an order?

16         MR. WEIL:  I'm sorry, Your Honor.  I did not hear you.

17         THE COURT:  You said somebody issued an order.

18         MR. WEIL:  Your Honor issued two orders.

19         THE COURT:  Oh, I issued the order.  I thought somebody

20   else did.

21         MR. WEIL:  Yes, Your Honor.

22         THE COURT:  Okay.  All right.

23         MR. WEIL:  I'm referring to the two orders you issued,

24   Your Honor.

25         THE COURT:  Okay.

4

1          MR. WEIL:  What I would like to address, if the Court

2     will extend me the courtesy, are some questions that are raised

3     by your orders which may affect the schedule for filings.

4          THE COURT:  All right.

5          MR. WEIL:  May I do so?

6          THE COURT:  Of course.

7          MR. WEIL:  Okay.  First, while Your Honor's OSC does

8     identify the ~~employee~~ authority the Court wants us to address, it does not

9     identify any particular sanction this Court may be considering.

10    But it's essential that we know what that is.  And here's why.

11    If the contemplated sanction is punitive, Mr. Weir is entitled to

12    heightened due process protections that would include such things

13    as a jury trial, appointment of an independent disinterested

14    prosecutor, and proof beyond a reasonable doubt, among other

15    things.

16         THE COURT:  As to --

17         MR. WEIL:  Obviously affects --

18         THE COURT:  Wait a minute.  As to what you say would be

19    a punitive sanction, correct?

20         MR. WEIL:  Yes.

21         THE COURT:  Okay.  Which is --

22         MR. WEIL:  And the sanction -- I'm sorry.

23         THE COURT:  No, no.  I understand what you're saying.

24    And that will, I guess I can hear from Ms. Davies or that team.

25    But off the top of my head -- I recognize we're on the record --

5

1    is that assuming that a sanction ended up that would be called

2    punitive, then on your theory, which is -- I'm not ruling on --

3    then that sanction would be invalid if necessary rights were not

4    given.  I understand that.

5            But, Ms. Davies, do you want to address -- I am

6    concerned with getting a show cause hearing as to sanctions, and

7    we shall see.  I assume if there were in contemplation a punitive

8    sanction, that would require a jury trial, etc., which perhaps

9    could happen, I don't know, then we'd be there.  But we're not

10   there right now.  Are we, Ms. Davies?

11           MS. DAVIES:  No, Your Honor.  I'm not sure that we are

12   there, Your Honor.  I will put a place holder, that I'm not sure

13   we entirely agree with Mr. Weil's characterization of the types

14   of procedures that have to be followed to ensure that Mr. Weir's

15   due process rights are met.  We acknowledge that he does, is

16   entitled to due process.  But what that means is not necessarily

17   exactly what Mr. Weir said.  And I agree that we are not there

18   yet.

19           THE COURT:  Well, in any event, this is a simple case.

20   The authorities that have been cited have been, as I recall it,

21   the 1927, certain rules, and the inherent power.

22           So Mr. Weil's job is to create every possible issue.  I

23   respect that.  I was a criminal defense attorney and I respect

24   that.  But that's not where we are.  So are you saying -- well, I

25   don't know what you're saying other than you respond to the show

6

1 ·cause order and if you think you have some constitutional issue

2 in regard to certain sanctions, well, then, we will raise them at

3 the right time.  But right now I think you have an order to

4 respond to a show cause order.

5 MR. WEIL:  Your Honor, Alan Weil again.  Let me put a

6 more particular point on it.  In each of the cases that have

7 addressed this issue, the particular sanction that was the

8 subject of an order to show cause has been identified.  For

9 example, in the very case that you cite in your companion order

10 through the order to show cause, in re Lehtinen, L-E-H-T-I-N-E-N,

11 the Court in that case issued two orders to show cause.  In

12 connection with each order to show cause, the Court identified

13 the specific sanction that it was considering imposing on the

14 lawyer.

15 THE COURT:  Well, let me ask you this, Mr. Weil.

16 MR. WEIL:  The reason I say that we need that now is

17 because it will affect the way in which we respond to the order

18 to show cause.

19 THE COURT:  Well, let me ask you this, Mr. Weil, so I

20 can understand.  Again, look, I understand where you're coming

21 from.  You have to raise everything that ingenuity can raise.

22 Are you saying that I'm thinking of a sanction of $3.27

23 for -- is that what you're talking about?  I mean, certainly,

24 there is no incarceration here.  And I'm not saying we're there

25 at all, but if there were going to be, at the outward extreme, a

7

1  criminal referral, and I'm not suggesting that, I would have to

2  refer something to the US attorney.  If there were a grievance,

3  then it would be to the appropriate grievance body.  But I would

4  not impose any of those things and I'm not suggesting any of

5  those things are now on the table.  So I don't know exactly what

6  you're asking.  If I --

7             MR. WEIL:  Let me make it, let me try it again, Your

8  Honor.

9             THE COURT:  All right.

10             MR. WEIL:  The sanctions that Aventis has proposed in

11  their submissions to Your Honor are punitive.

12             THE COURT:  Haven't I dealt with that, Mr. Weil?

13  Haven't I now focused upon the actions that happened at this

14  hearing?  I mean, it's perfectly clear what I've said.  I am not

15  now considering things outside the case.  Certainly not now.  So

16  I don't know, I don't know what you're asking.  Or I don't know

17  what you're concerned with.  If you're concerned with some --

18  wait a minute.  If you're concerned with some pronouncement that

19  is going to reverse what the Ninth Circuit did in the ANDA case,

20  that's going to do all those things, no, I don't think, I think

21  it's pretty clear that that's not going to happen.

22             So if you could tell me what you're concerned about or,

23  indeed, look, if I do something that's punitive, you'd have the

24  right -- what are you talking about?

25             MR. WEIL:  What I'm talking about is that a punitive

8

1    sanction does not need to be criminal in order to be punitive.

2    The sanctions, the only sanctions that have been proposed by

3    Aventis are punitive in nature.  You have not indicated what

4    sanction it is that you are considering, if there is any.

5         A sanction is punitive if the sanctioned party has no

6    opportunity to reduce or avoid punishment through compliance and

7    it is not compensatory.  So, for example, even a $50 fine is

8    considered punitive.  If the sanction is intended to vindicate

9    the authority of the Court, that's considered punitive.  If the

10   sanction is not limited to compensation or losses sustained that

11   were directly caused by knowing, bad faith conduct that is

12   specifically identified, that's punitive.

13        So even cutting out the sanctions that Your Honor has

14   indicated you're not going to consider, that's just setting aside

15   an affirmed Federal Circuit decision or disgorgement of revenues

16   from Amphastar, you still have the following sanctions that

17   Aventis has proposed:  All of the fees incurred in this action,

18   fines in the amount of the fees paid by Amphastar to all of the

19   law firms retained in action.  Those are punitive sanctions.

20        No sanction has been proposed, to my knowledge, which

21   would satisfy the test for something that is not a punitive

22   sanction.

23        THE COURT:  Well, in that case, you can have your issue

24   because there's just not correct.  If you don't think that,

25   whatever Aventis may have said, that we're not talking about

9

1   compensatory sanctions, so to speak, if you want to use that

2   word, then we're not communicating.  And if you make the argument

3   that something like an award of fees would not be proper without

4   a jury trial, that's fine.  You'll have that argument.  But we're

5   not going to have a derailment now, like some kind of indictment.

6   Write your show cause response as to why there shouldn't be

7   sanctions.

8         I think what you've now said is there shouldn't be any

9   punitive sanctions because your client's been denied these

10   rights.  That's fine.  That would, assuming that you're correct

11   in that, something that's a punitive sanction could not be

12   imposed.  But I don't know what else to do.

13         Ms. Davies, do you want to address this?  But I realize

14   that one of the -- I realize the aim here.  But nevertheless,

15   let's try and get to this thing where it's, we can move forward.

16   And sooner or later Mr. Weil and his attorneys will have to

17   address the real issues, you know?

18         MR. WEIL:  Your Honor, this is Alan Weil.  I think

19   we've addressed all of the issues, at least in the briefing so

20   far.  Your Honor has, I'm sure, read the hundreds of pages of

21   briefs and exhibits and declarations that have been submitted.

22         THE COURT:  I have.  I have.  And that's the reason --

23         MR. WEIL:  As an officer of --

24         THE COURT:  I'm sorry.  That's the reason for what

25   we're doing.  We don't have to go off on what we're going to do

10

1    about the ANDA case.  We don't have to go off on all the other

2    stuff that's in the hundreds of pages.  Address what it is to

3    address.

4            Of course you have.  But it's buried in a lot of stuff

5    and it should be no burden on you to write something that

6    addresses what's on the table.  So do it.  I'm just here to find

7    out when do you want to do it?

8            MR. WEIL:  Understand, Your Honor.

9            THE COURT:  Okay.  When do you want --

10           MR. WEIL:  This is Alan Weil again.  There are two

11   other points I'd like to make, if I may.

12           THE COURT:  Okay.

13           MR. WEIL:  Not about that particular issue, other

14   issues.  The order to show cause and the companion order referred

15   to, quote, "certain exhibits", close quote.  Other than the X-22,

16   no specific exhibit is identified.

17           Now, as I know you know, we have submitted lengthy

18   briefs which we have filed with each exhibit that we understood

19   Your Honor had some issue with.  And we've also dealt with issues

20   raised by Aventis that Your Honor did not mention in the

21   superseding decision and do not appear to be implicated by your

22   OSC.  But I want to make sure that we have covered the exhibits

23   that the Court is concerned about when we respond to 1-A, 1-B and

24   1-C of your order to show cause.

25           THE COURT:  All right.  That's fine.

11

1          MR. WEIL:  Am I correct that we have, at least in the

2     briefs submitted so far, referred to and dealt with the various

3     notebooks that you wanted us to deal with?

4          THE COURT:  Well, the one thing that we're not going to

5     do, Mr. Weil, is have me try and remember, and then I leave a

6     number out and that becomes World War III.

7          So I say Aventis can give me what they say are a list

8     of those exhibits so I don't miss a number, and I'll confirm it.

9     I don't think that that should be a big burden.  Ms. Davies, is

10    that a big burden?

11         MS. DAVIES:  Your Honor, you asked if that was a

12    burden?

13         THE COURT:  Is it a burden for you, having looked at

14    this, to tell me that the exhibits we're talking about are

15    Exhibits 1, 2, 7 and 18, or whatever?

16         MS. DAVIES:  No, I do not think it's a burden at all.

17    I can tell you a couple now.  If I could reserve the ability,

18    maybe send a note to confirm whether there's any additional in

19    that list --

20         THE COURT:  Don't worry --

21         MS. DAVIES:  -- after the call, I would appreciate it.

22         THE COURT:  Don't worry about doing it now.  That's the

23    kind of thing that ends up becoming more of an issue than it has

24    to be.  Send me a letter next week and say the exhibits are --

25    certainly, 22 I remember, and there's probably others.  And then

12

1   I will --

2            MS. DAVIES:  Yes, Your Honor.

3            THE COURT:  -- I will also look at my notes.  So Mr.

4   Weil can count on having the exhibit numbers certainly next week.

5   This should not be a major problem in reaching the apparently

6   incredibly difficult issue of getting a date for filing

7   something.

8            What's the next issue?

9            MR. WEIL:  The next -- Alan Weil, Your Honor.

10           THE COURT:  Yeah.

11           MR. WEIL:  The third issue is that in Paragraph 1-A of

12   your OSC, you referred to Mr. Weir misleading Your Honor to

13   believe that certain exhibits were true and complete copies of

14   original documents in counsel's or Amphastar's possession.  And I

15   am quoting.

16           THE COURT:  Yeah.

17           MR. WEIL:  "When Mr. Weir knew that the exhibits were

18   not true and correct copies", close quotes.  We have referred to

19   the Attorney Conduct Section of Your Honor's superseding decision

20   to determine what words or conduct Your Honor believed misled

21   you.  You quote Mr. Weir in two places in your superseding

22   decision, on Pages 24 through 28, I believe, of the superseding

23   decision.  On Page 25, there's colloquy during closing argument

24   that you refer to that relates to Page 92 of Exhibit 39.  And on

25   Pages 26 and 27, you referred to Mr. Weir's opening statement,

13

1   which he refers to originals and copies of notebooks.

2          There's another place where you refer to Mr. Weir's

3   recross examination of Aventis's last witness, on Page 29 of the

4   superseding decision.  I believe that was a reference to, again,

5   Page 92 of Exhibit 39.

6          We've dealt with what you quoted or referred to

7   regarding Exhibit 39 and what you quoted from Mr. Weir's opening

8   statement in our prior submissions.  I had assumed that that is

9   what you want us to deal with in 1-A of your order to show cause.

10  Nothing more.

11          THE COURT:  No, I'm not going to say nothing more.  Mr.

12  Weil, this is a game we're not going to play.  The contention is

13  that he misled the Court, and he misled the Court in ways that

14  are spoken.  And if there's something that you think you're going

15  to be woefully surprised about, since you're going to know the

16  precise exhibits, and the conduct is the transcript, which shows

17  everything that happened, you can address it.  And if the time

18  comes that you say you are surprised, I'll deal with that.  I

19  don't think you're surprised.  But I also don't think that I --

20  we don't have that burden at this point.

21          If you think you're not on notice of knowing what is

22  proper conduct for a lawyer in the situation that he found

23  himself, well, then, we'll deal with that.  But right now respond

24  to the show cause order.  If something -- we're going to talk

25  about having a hearing.  And if something comes out of the blue

14

1   and you say I never understood that, we can address that then.

2   Certainly, nobody's going to deprive you a chance from addressing

3   something.

4           So, please, what's the date by which you will -- I

5   don't want to just arbitrarily give you a date.  You probably

6   have other things on your mind, other things.  Just, I mean, not

7   next century, but in two weeks, three weeks?  What's it going to

8   be?

9           MR. WEIL:  All right, Your Honor.  It may not -- maybe

10  I can suggest this.  I would like to provide something in

11  writing.

12          THE COURT:  I certainly would hope so since I'm telling

13  you I don't want incorporation by reference.  I don't want to

14  look through hundreds of pages to find the things that are

15  relating to precisely what we're talking about.  Of course you

16  should file something in writing.

17          MR. WEIL:  What I would like to do is actually give you

18  two things in writing, Your Honor.  One is a document which

19  identifies, essentially, our objections to the order to show

20  cause.  And the second would be a substantive response to the

21  order to show cause.

22          THE COURT:  Well, first of all, look, Mr. Weil, of

23  course you have the privilege of filing objections to anything

24  that I do.  That's fine.  And that's great.

25          Now, as far as the substantive thing, which is what I'm

15

1    looking for, that, really, you do have to file.  And I don't want

2    incorporation by reference to the other things.  In today's

3    world, it is very easy to just make one document have everything

4    we're looking at.

5              So, please, you want two weeks?  You want three weeks?

6    What do you want?

7              MR. WEIL:  Your Honor, I would like four weeks.  The

8    lawyer, the lawyer --

9              THE COURT:  Okay.

10             MR. WEIL:  The lawyer who is --

11             THE COURT:  You don't have to -- it's fine.  You want

12   four weeks, it's fine.  Okay.  Now, can I, Ms. Davies, how long

13   would you like to respond to whatever they file?  Ms. Davies?

14             MS. DAVIES:  Sorry, Your Honor, I had it on mute.  I

15   had it on mute.  Yes.  If we do four weeks for them, that will

16   put them at June 10th.  I think two weeks, two weeks after that

17   we should be able to respond.  Maybe we should ask for two and a

18   half just to be safe.

19             THE COURT:  Well, why don't you make it --

20             MS. DAVIES:  That last week in June.

21             THE COURT:  Make it three.  Now that things have been

22   filed, we've had the chance to look at it, it's pretty obvious

23   that, I mean, I can't tell until I see what they respond to

24   whether there's fact issues.  I mean, certainly, there's no fact

25   issue as to what the transcript reflects.  There may be none.  So

16

1    I don't know.  I don't know if there's -- I mean, you have

2    alluded previously to certain discovery possibilities.  But, you

3    know, until I can ascertain there really is a fact issue, I don't

4    know that we want to go there.

5            So maybe we have to confer after you file your reply

6    and see whether we can just proceed to a hearing or whether

7    you're alleging that there's some discovery.

8            Ms. Davies, I don't think we can go any further than

9    that now, can we?

10           MS. DAVIES:  No, Your Honor.  And I suspect that, well,

11   we believe the record right now is fully developed.  I think it

12   would be highly unlikely that discovery is necessary.

13           THE COURT:  Okay.

14           MR. WEIL:  Your Honor, this is Alan Weil.  Two things.

15   I would like our brief to be due on June the 13th.  And I would

16   like an opportunity to file a reply to any submission that Ms.

17   Davies' office makes.

18           THE COURT:  Okay.  So now we have June 13th.  That's

19   fine.  And I'm assuming that that means that, Ms. Davies, your

20   client would like July the 5th or something, July the 7th?  Okay?

21   All right, Ms. Davies?

22           MS. DAVIES:  Yes, sir.  That's fine.

23           THE COURT:  All right.  Fine.  And then there can be

24   this reply, and make it July the 21st.  And then we can, we'll

25   see where the heck we are.  Okay.  That's fine.  Is there

17

1    anything -- I just want to ask about what's happening in the

2    appeal as curiosity.  Is there anything else we have to discuss

3    about what we've now talked about?  Okay.

4         If not, I will issue an order that says what we've said

5    here on the record.  Okay.

6         Does anybody think we have to be on the record to talk

7    about the appeal?  If you do that's -- pardon?

8         MR. WEIL:  Your Honor, I'd like the entire -- this is

9    Alan Weil.  Whatever we're discussing today, I would like on the

10   record.

11        THE COURT:  That's fine.  All right.  Would somebody,

12   has the appeal been argued yet?

13        MR. PERRY:  Your Honor, this is Mark Perry from Gibson

14   Dunn.  And I'm handling the appeal for the Aventis side.  The

15   appeal is still in the briefing process.  Amphastar has filed its

16   first brief.  The Aventis brief is due on June 20th.  Amphastar's

17   responsive brief is due July 20th.  And Aventis' final brief is

18   due August 8th.  So it will be fully briefed August 8th of this

19   year in the Ninth Circuit.  And that's the second appeal, which

20   now has been consolidated with the first appeal, which is fully

21   briefed.

22        So come August 8th, both appeals will be fully briefed.

23        THE COURT:  Okay.  And your experience would tell you

24   that the argument is probably three months later, isn't it?

25   Probably in November or December?

18

1          MR. PERRY:  At least, Your Honor.  The Ninth Circuit in

2     civil cases, they're running a backlog of immigration cases right

3     now.  It's been six months to a year in other civil cases.  Once

4     it's fully briefed, it goes into the argument rotation.  But

5     they're not moving real fast these days.

6          THE COURT:  All right.  Well, thank you.

7          If you want, as a courtesy -- it's not necessary.  I

8     can read the briefs if I want to.  It's just a matter of

9     interest.  Okay.  I have nothing else to say at this point.

10    Anybody have anything to say?

11         MR. GROSS:  Your Honor, Wayne Gross on behalf of

12    Amphastar.  Just one question of clarification.  I assume that

13    you still want on Amphastar's behalf a new brief that doesn't

14    incorporate anything that we previously did.  Now, at the same

15    time --

16         THE COURT:  Yeah.  As I've said, and I think I put this

17    in writing, Amphastar was essentially saying, A, we relied on

18    counsel and, B, as far as we're concerned, nothing was wrong.  If

19    that's, I mean, I'm not asking you to write a magnum opus.  Write

20    whatever you want.  But I think that summarizes your position.

21         MR. GROSS:  Yes.  We hired --

22         THE COURT:  We don't have to argue it here.  The point

23    is, understandably, you submitted a lot of things, but right now

24    we're kind of focused.  Just for your benefit, your client's not

25    unnecessarily expending funds for lawyers' time again, unless

19

1    somebody from Aventis tells me that I'm wrong.  I think you've

2    said what you want to say.  But I do repeat it.  I mean, yes.

3    Say the same thing or whatever else you want.  That's fine.

4    Okay.  All right.

5           MR. GROSS:  Right.

6           THE COURT:  Okay.  If nobody else needs me, then the

7    hearing is over, and I thank everybody.

8           (Conclusion of Proceedings at 4:30 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

20

### REPORTER'S CERTIFICATE

I, Mary M. Zajac, do hereby certify that I recorded stenographically the proceedings in the matter of Amphastar Pharmaceuticals v. Aventis Pharma SA, et al., Case Number(s) 09-0023-MJG, on May 13, 2016.

I further certify that the foregoing pages constitute the official transcript of proceedings as transcribed by me to the within matter in a complete and accurate manner.

In Witness Whereof, I have hereunto affixed my signature this _____ day of _____, 2016.

_____
Mary M. Zajac,
Official Court Reporter

**$**

$3.27 [1] - 6:22
$50 [1] - 8:7

**0**

09-0023-MJG [3] - 1:5, 2:3, 20:6

**1**

1 [1] - 11:15
1-A [3] - 10:23, 12:11, 13:9
1-B [1] - 10:23
1-C [1] - 10:24
101 [1] - 1:23
10th [1] - 15:16
13 [2] - 1:9, 20:6
13th [2] - 16:15, 16:18
18 [1] - 11:15
1927 [1] - 5:21

**2**

2 [1] - 11:15
2016 [3] - 1:9, 20:6, 20:11
20th [2] - 17:16, 17:17
21201 [1] - 1:23
21st [1] - 16:24
22 [1] - 11:25
24 [1] - 12:22
25 [1] - 12:23
26 [1] - 12:25
27 [1] - 12:25
28 [1] - 12:22
29 [1] - 13:3

**3**

39 [3] - 12:24, 13:5, 13:7

**4**

4:01 [1] - 2:1
4:30 [1] - 19:8

**5**

5th [1] - 16:20

**7**

7 [1] - 11:15
7th [1] - 16:20

**8**

8th [3] - 17:18, 17:22

**9**

92 [2] - 12:24, 13:5

**A**

ability [1] - 11:17
able [1] - 15:17
acceptable [1] - 3:10
accurate [1] - 20:9
acknowledge [1] - 5:15
action [2] - 8:17, 8:19
actions [1] - 7:13
additional [1] - 11:18
address [10] - 3:12, 4:1, 4:8, 5:5, 9:13, 9:17, 10:2, 10:3, 13:17, 14:1
addressed [2] - 6:7, 9:19
addresses [1] - 10:6
addressing [1] - 14:2
affect [3] - 3:13, 4:3, 6:17
affects [1] - 4:17
affirmed [1] - 8:15
affixed [1] - 20:10
agree [2] - 5:13, 5:17
aim [1] - 9:14
AL [1] - 1:6
al [2] - 1:16, 20:5
Alan [3] - 1:19, 2:18, 3:9, 6:5, 9:18, 10:10, 12:9, 16:14, 17:9
alleging [1] - 16:7
alluded [1] - 16:2
amount [1] - 8:18
AMPHASTAR [1] - 1:4
Amphastar [12] - 1:13, 2:2, 2:11, 2:12, 2:23, 3:7, 8:16, 8:18, 17:15, 18:12, 18:17, 20:4
Amphastar's [3] - 12:14, 17:16, 18:13
ANDA [2] - 7:19, 10:1
appeal [7] - 17:2, 17:7, 17:12, 17:14, 17:15, 17:19, 17:20
appeals [1] - 17:22

appear [1] - 10:21
Appearances [1] - 1:12
appointment [1] - 4:13
appreciate [1] - 11:21
appropriate [1] - 7:3
arbitrarily [1] - 14:5
argue [1] - 18:22
argued [1] - 17:12
argument [8] - 9:2, 9:4, 12:23, 17:24, 18:4
ascertain [1] - 16:3
aside [1] - 8:14
assume [2] - 5:7, 18:12
assumed [1] - 13:8
assuming [3] - 5:1, 9:10, 16:19
attorney [3] - 2:17, 5:23, 7:2
Attorney [1] - 12:19
attorneys [1] - 9:16
August [3] - 17:18, 17:22
authorities [1] - 5:20
authority [1] - 8:9
AVENTIS [1] - 1:6
Aventis [14] - 1:16, 2:3, 2:6, 2:10, 7:10, 8:3, 8:17, 8:25, 10:20, 11:7, 17:14, 17:16, 19:1, 20:5
Aventis' [1] - 17:17
Aventis's [1] - 13:3
avoid [1] - 8:6
award [1] - 9:3

**B**

backlog [1] - 18:2
bad [1] - 8:11
Baltimore [2] - 1:9, 1:23
becomes [1] - 11:6
becoming [1] - 11:23
behalf [2] - 18:11, 18:13
Behalf [3] - 1:13, 1:16, 1:19
benefit [1] - 18:24
beyond [1] - 4:14
big [2] - 11:9, 11:10
blue [1] - 13:25
body [1] - 7:3
Brandt [2] - 1:15, 2:24
Bret [2] - 1:14, 2:13
brief [8] - 16:15, 17:16, 17:17, 18:13
briefed [4] - 17:18, 17:21, 17:22, 18:4
briefing [2] - 9:19, 17:15
briefs [4] - 9:21, 10:18, 11:2, 18:8

Brill [1] - 2:19
burden [7] - 10:5, 11:9, 11:10, 11:12, 11:13, 11:16, 13:20
buried [1] - 10:4
business [1] - 3:3

**C**

CALIFORNIA [1] - 1:1
California [1] - 2:3
CASE [1] - 1:5
case [8] - 2:2, 5:19, 6:9, 6:11, 7:15, 7:19, 8:23, 10:1
Case [1] - 20:5
cases [4] - 6:6, 18:2, 18:3
caused [1] - 8:11
CENTRAL [1] - 1:1
Central [1] - 2:3
century [1] - 14:7
certain [5] - 5:21, 6:2, 10:15, 12:13, 16:2
certainly [7] - 6:23, 7:15, 11:25, 12:4, 14:2, 14:12, 15:24
CERTIFICATE [1] - 20:1
certify [2] - 20:3, 20:7
Chambers [1] - 2:1
chance [2] - 14:2, 15:22
characterization [1] - 5:13
Circuit [4] - 7:19, 8:15, 17:19, 18:1
cite [1] - 6:9
cited [1] - 5:20
civil [2] - 18:2, 18:3
CIVIL [1] - 1:5
clarification [1] - 18:12
clear [2] - 7:14, 7:21
client [2] - 2:9, 2:14, 16:20
client's [2] - 9:9, 18:24
close [2] - 10:15, 12:18
closing [1] - 12:23
colleagues [1] - 2:8
colloquy [1] - 12:23
coming [1] - 6:20
communicating [1] - 9:2
companion [3] - 3:11, 6:9, 10:14
compensation [1] - 8:10
compensatory [2] - 8:7, 9:1
complete [2] - 12:13, 20:9

compliance [1] - 8:6
concerned [7] - 5:6, 7:17, 7:18, 7:22, 10:23, 18:18
conclusion [1] - 19:8
conduct [4] - 8:11, 12:20, 13:16, 13:22
Conduct [1] - 5:19
confer [1] - 16:5
Conference [1] - 2:1
conference [1] - 1:8
confirm [2] - 11:8, 11:18
connection [1] - 6:12
consider [1] - 8:14
considered [2] - 8:8, 8:9
considering [4] - 4:9, 6:13, 7:15, 8:4
consolidated [1] - 17:20
constitute [1] - 20:7
constitutional [1] - 6:1
contemplated [1] - 4:11
contemplation [1] - 5:7
contention [1] - 13:12
copies [3] - 12:13, 12:18, 13:1
Corey [1] - 2:19
correct [6] - 4:19, 8:24, 9:10, 11:1, 12:18
cost [1] - 3:3
counsel [4] - 2:6, 2:15, 3:7, 18:18
counsel's [1] - 12:14
count [1] - 12:4
couple [1] - 11:17
course [4] - 4:6, 10:4, 14:15, 14:23
COURT [51] - 1:1, 2:2, 2:11, 2:15, 2:22, 3:1, 3:14, 3:17, 3:19, 3:22, 3:25, 4:4, 4:6, 4:16, 4:18, 4:21, 4:23, 5:19, 6:15, 6:19, 7:9, 7:12, 8:23, 9:22, 9:24, 10:9, 10:12, 10:25, 11:4, 11:13, 11:20, 11:22, 12:3, 12:10, 12:16, 13:11, 14:12, 14:22, 15:9, 15:11, 15:19, 15:21, 16:13, 16:18, 16:23, 17:11, 17:23, 18:6, 18:16, 18:22, 19:6
Court [18] - 3:12, 4:1, 4:8, 4:9, 6:11, 6:12, 8:9, 10:23, 13:13, 20:16
courtesy [2] - 4:2, 18:7
Courthouse [1] - 1:22
covered [1] - 10:22

create [1] - 5:22
criminal [3] - 5:23, 7:1, 8:1
Cunningham [2] - 1:18, 2:9
curiosity [1] - 17:2
cutting [1] - 8:13

**D**

Dan [1] - 2:9
date [8] - 3:5, 3:6, 3:8, 3:10, 3:13, 12:6, 14:4, 14:5
Davies [12] - 1:17, 2:7, 4:24, 5:5, 5:10, 9:13, 11:9, 15:12, 15:13, 16:8, 16:19, 16:21
DAVIES [10] - 2:7, 5:11, 11:11, 11:16, 11:21, 12:2, 15:14, 15:20, 16:10, 16:22
Davies' [1] - 16:17
days [1] - 18:5
deal [4] - 11:3, 13:9, 13:18, 13:23
dealt [4] - 7:12, 10:19, 11:2, 13:6
December [1] - 17:25
decision [6] - 8:15, 10:21, 12:19, 12:22, 12:23, 13:4
declarations [1] - 9:21
Defendant [1] - 1:16
Defendants [1] - 1:15
defense [1] - 5:23
denied [1] - 9:9
deprive [1] - 14:2
derailment [1] - 9:5
determine [1] - 12:20
developed [1] - 16:11
difficult [1] - 12:6
directly [1] - 8:11
discovery [3] - 16:2, 16:7, 16:12
discuss [2] - 3:3, 17:2
discussing [1] - 17:9
disgorgement [1] - 8:15
disinterested [1] - 4:13
District [1] - 2:3
DISTRICT [2] - 1:1, 1:1
DIVISION [1] - 1:2
DIVISION-RIVERSIDE [1] - 1:2
document [2] - 14:18, 15:3
documents [1] - 12:14
doubt [1] - 4:14
Dovdavany [1] - 2:9

due [7] - 4:12, 5:15, 5:16, 16:15, 17:16, 17:17, 17:18
Dunn [2] - 2:8, 17:14
during [1] - 12:23

**E**

EASTERN [1] - 1:2
easy [1] - 15:3
EDCV [1] - 2:3
either [1] - 3:7
employee [1] - 4:8
ended [1] - 5:1
ends [1] - 11:23
ensure [1] - 5:14
entire [1] - 17:8
entirely [1] - 5:13
entitled [2] - 4:11, 5:16
Esquire [9] - 1:13, 1:14, 1:14, 1:15, 1:15, 1:17, 1:17, 1:18, 1:19
essential [1] - 4:10
essentially [2] - 14:19, 18:17
ET [1] - 1:6
et [2] - 1:16, 20:5
etc [1] - 5:8
event [1] - 5:19
exactly [2] - 5:17, 7:5
examination [1] - 13:3
example [2] - 6:9, 8:7
Exhibit [3] - 12:24, 13:5, 13:7
exhibit [3] - 10:16, 10:18, 12:4
exhibits [9] - 9:21, 10:15, 10:22, 11:8, 11:14, 11:24, 12:13, 12:17, 13:16
Exhibits [1] - 11:15
expending [1] - 18:25
experience [1] - 17:23
extend [1] - 4:2
extreme [1] - 6:25

**F**

fact [3] - 15:24, 16:3
faith [1] - 8:11
far [4] - 9:20, 11:2, 14:25, 18:18
fast [1] - 18:5
FCRR [1] - 1:22
Federal [1] - 8:15
fees [3] - 8:17, 8:18, 9:3
file [5] - 3:8, 14:16, 15:1, 15:13, 16:5, 16:16

filed [3] - 10:18, 15:22, 17:15
filing [3] - 3:5, 12:6, 14:23
filings [1] - 4:3
final [1] - 17:17
fine [13] - 8:7, 9:4, 9:10, 10:25, 14:24, 15:11, 15:12, 16:19, 16:22, 16:23, 16:25, 17:11, 19:3
fines [1] - 8:18
firms [1] - 8:19
first [5] - 3:1, 3:4, 4:7, 14:22, 17:16, 17:20
Floor [1] - 1:22
focused [2] - 7:13, 18:24
folks [1] - 3:8
followed [1] - 5:14
following [1] - 8:16
FOR [1] - 1:1
foregoing [1] - 20:7
forward [1] - 9:15
FOSS [1] - 2:23
Foss [2] - 1:14, 2:24
four [3] - 15:7, 15:12, 15:15
Fourth [1] - 1:22
friday [1] - 1:9
fully [5] - 16:11, 17:18, 17:20, 17:22, 18:4
funds [1] - 18:25

**G**

game [1] - 13:12
Garbis [1] - 1:11
Gates [2] - 1:19, 2:20
Gibson [2] - 2:8, 17:13
given [1] - 5:4
great [1] - 14:24
Greenberg [1] - 2:13
grievance [2] - 7:2, 7:3
Gross [4] - 1:13, 2:12, 2:13, 18:11
GROSS [4] - 2:12, 18:11, 18:21, 19:5
guess [2] - 3:4, 4:24

**H**

half [1] - 15:18
handling [1] - 17:14
happy [1] - 3:2
head [1] - 4:25
hear [2] - 4:15, 4:24
hearing [5] - 5:6, 7:14, 13:25, 16:6, 19:7

heck [1] - 16:25
heightened [1] - 4:12
Hembd [2] - 1:14, 2:13
hereby [1] - 20:3
hereunto [1] - 20:10
highly [1] - 16:12
himself [1] - 13:23
hired [1] - 18:21
holder [1] - 5:12
Honor [36] - 2:7, 2:12, 2:18, 3:9, 3:10, 3:16, 3:18, 3:21, 3:24, 5:11, 5:12, 6:5, 7:8, 7:11, 8:13, 9:18, 9:20, 10:8, 10:19, 10:20, 11:11, 12:2, 12:9, 12:12, 12:20, 14:9, 14:18, 15:7, 15:14, 16:10, 16:14, 17:8, 17:13, 18:1, 18:11
Honor's [2] - 4:7, 12:19
Honorable [1] - 1:11
hope [1] - 14:12
hundreds [3] - 9:20, 10:2, 14:14

**I**

identified [4] - 6:8, 6:12, 8:12, 10:16
identifies [1] - 14:19
identify [2] - 4:8, 4:9
ill [1] - 11:6
immigration [1] - 18:2
implicated [1] - 10:21
impose [1] - 7:4
imposed [1] - 9:12
imposing [1] - 6:13
IN [1] - 1:1
INC [1] - 1:4
incarceration [1] - 6:24
include [1] - 4:12
incorporate [1] - 18:14
incorporation [2] - 14:13, 15:2
incredibly [1] - 12:6
incurred [1] - 8:17
indeed [1] - 7:23
independent [1] - 4:13
indicated [2] - 8:3, 8:14
indictment [1] - 9:5
ingenuity [1] - 6:21
inherent [1] - 5:21
intended [1] - 8:8
interest [1] - 18:9
invalid [1] - 5:3
issue [13] - 5:22, 6:1, 6:7, 8:23, 10:13, 10:19, 11:23, 12:6, 12:8, 12:11, 15:25, 16:3, 17:4

issued [7] - 3:11, 3:14, 3:17, 3:18, 3:19, 3:23, 6:11
issues [5] - 9:17, 9:19, 10:14, 10:19, 15:24

**J**

Jason [1] - 2:13
Jennifer [2] - 1:15, 2:24
job [1] - 5:22
joined [1] - 2:8
Judge [1] - 1:11
July [4] - 16:20, 16:24, 17:17
June [5] - 15:16, 15:20, 16:15, 16:18, 17:16
jury [3] - 4:13, 5:8, 9:4

**K**

K&L [1] - 1:19, 2:16, 2:20
Katherine [1] - 2:24
katherine [1] - 1:15
Kelly [1] - 2:19
Kendall [1] - 2:19
kind [3] - 9:5, 11:23, 18:24
Klein [1] - 2:19
knowing [2] - 8:11, 13:21
knowledge [1] - 8:20

**L**

last [2] - 13:3, 15:20
law [1] - 8:19
lawyer [5] - 6:14, 13:22, 15:8, 15:10
lawyers' [1] - 18:25
lays [1] - 3:11
least [3] - 9:19, 11:1, 18:1
leave [1] - 11:5
Lehtinen [1] - 6:10
LEHTINEN [1] - 6:10
lengthy [1] - 10:17
letter [1] - 11:24
limited [1] - 8:10
line [3] - 2:10, 2:21, 2:23
list [2] - 11:7, 11:19
Lombard [1] - 1:23
look [6] - 6:20, 7:23, 12:3, 14:14, 14:22, 15:22
looked [1] - 11:13
looking [2] - 15:1, 15:4

23

losses [1] - 8:10

**M**

magnum [1] - 18:19
major [1] - 12:5
manner [1] - 20:9
Mark [3] - 1:17, 2:8, 17:13
Marvin [1] - 1:11
Mary [3] - 1:22, 20:3, 20:15
Maryland [2] - 1:9, 1:23
matter [3] - 18:8, 20:4, 20:9
Mauri [2] - 1:15, 2:24
mean [8] - 6:23, 7:14, 14:6, 15:23, 15:24, 16:1, 18:19, 19:2
means [2] - 5:16, 16:19
mention [1] - 10:20
met [1] - 5:15
Michelman [1] - 2:24
mind [1] - 14:6
minute [2] - 4:18, 7:18
misleading [1] - 12:12
misled [2] - 12:20, 13:13
miss [1] - 11:8
months [2] - 17:24, 18:3
move [1] - 9:15
moving [1] - 18:5
MR [39] - 2:12, 2:18, 2:23, 3:9, 3:16, 3:18, 3:21, 3:23, 4:1, 4:5, 4:7, 4:17, 4:20, 4:22, 6:5, 6:16, 7:7, 7:10, 7:25, 9:18, 9:23, 10:8, 10:10, 10:13, 11:1, 12:9, 12:11, 12:17, 14:9, 14:17, 15:7, 15:10, 16:14, 17:8, 17:13, 18:1, 18:11, 18:21, 19:5
MS [10] - 2:7, 5:11, 11:11, 11:16, 11:21, 12:2, 15:14, 15:20, 16:10, 16:22
mute [2] - 15:14, 15:15

**N**

name [1] - 2:6
nature [1] - 8:3
necessarily [1] - 5:16
necessary [3] - 5:3, 16:12, 18:7
need [2] - 6:16, 8:1

needs [1] - 19:6
never [1] - 14:1
nevertheless [1] - 9:14
new [1] - 18:13
next [5] - 11:24, 12:4, 12:8, 12:9, 14:7
Ninth [3] - 7:19, 17:19, 18:1
NO [1] - 1:5
nobody [1] - 19:6
nobody's [1] - 14:2
none [1] - 15:25
note [1] - 11:18
notebooks [2] - 11:3, 13:1
notes [1] - 12:3
nothing [4] - 13:10, 13:11, 18:9, 18:18
notice [1] - 13:21
November [1] - 17:25
number [2] - 11:6, 11:8
Number(s [1] - 20:5
numbers [1] - 12:4

**O**

objections [2] - 14:19, 14:23
obvious [1] - 15:22
obviously [1] - 4:17
OF [1] - 1:1
office [1] - 16:17
officer [1] - 9:23
official [1] - 20:8
Official [1] - 20:16
once [1] - 18:3
one [5] - 9:14, 11:4, 14:18, 15:3, 18:12
opening [2] - 12:25, 13:7
opportunity [2] - 8:6, 16:16
opus [1] - 18:19
order [21] - 3:11, 3:15, 3:17, 3:19, 6:1, 6:3, 6:4, 6:8, 6:9, 6:10, 6:12, 6:17, 8:1, 10:14, 10:24, 13:9, 13:24, 14:19, 14:21, 17:4
orders [4] - 3:18, 3:23, 4:3, 6:11
original [1] - 12:14
originals [1] - 13:1
OSC [4] - 3:10, 4:7, 10:22, 12:12
outside [1] - 7:15
outward [1] - 6:25

**P**

p.m [2] - 2:1, 19:8
Page [4] - 12:23, 12:24, 13:3, 13:5
pages [4] - 9:20, 10:2, 14:14, 20:7
Pages [2] - 12:22, 12:25
paid [1] - 8:18
Paragraph [1] - 12:11
pardon [1] - 17:7
particular [4] - 4:9, 6:6, 6:7, 10:13
party [1] - 8:5
perfectly [1] - 7:14
perhaps [1] - 5:8
permit [1] - 3:12
Perry [3] - 1:17, 2:8, 17:13
PERRY [2] - 17:13, 18:1
Pharma [1] - 20:5
PHARMA [1] - 1:6
Pharmaceuticals [1] - 20:5
PHARMACEUTICALS [1] - 1:4
pick [2] - 3:10, 3:13
place [2] - 5:12, 13:2
places [1] - 12:21
Plaintiff [1] - 1:13
play [1] - 13:12
point [4] - 6:6, 13:20, 18:9, 18:22
points [1] - 10:11
position [1] - 18:20
possession [1] - 12:14
possibilities [1] - 16:2
possible [1] - 5:22
power [1] - 5:21
precise [1] - 13:16
precisely [1] - 14:15
pretty [2] - 7:21, 15:22
previously [1] - 16:2, 18:14
privilege [1] - 14:23
problem [1] - 12:5
procedures [1] - 5:14
proceed [1] - 16:6
Proceedings [1] - 19:8
proceedings [2] - 20:4, 20:8
process [4] - 4:12, 5:15, 5:16, 17:15
pronouncement [1] - 7:18
proof [1] - 4:14
proper [2] - 9:3, 13:22
proposed [4] - 7:10, 8:2, 8:17, 8:20

prosecutor [1] - 4:14
protections [1] - 4:12
provide [1] - 14:10
punishment [1] - 8:6
punitive [17] - 4:11, 4:19, 5:2, 5:7, 7:11, 7:23, 7:25, 8:1, 8:3, 8:5, 8:8, 8:9, 8:12, 8:19, 8:21, 9:9, 9:11
put [4] - 5:12, 6:5, 15:16, 18:16

**Q**

questions [2] - 3:11, 4:2
quote [3] - 10:15, 12:21
quoted [2] - 13:6, 13:7
quotes [1] - 12:18
quoting [1] - 12:15

**R**

raise [3] - 6:2, 6:21
raised [2] - 4:2, 10:20
rational [1] - 3:8
re [1] - 6:10
reached [1] - 3:2
reaching [1] - 12:5
read [2] - 9:20, 18:8
real [2] - 9:17, 18:5
realize [2] - 9:13, 9:14
really [2] - 15:1, 16:3
reason [3] - 6:16, 9:22, 9:24
reasonable [1] - 4:14
recognize [1] - 4:25
record [5] - 4:25, 16:11, 17:5, 17:6, 17:10
recorded [1] - 20:3
recross [1] - 13:3
reduce [1] - 8:6
refer [3] - 7:2, 12:24, 13:2
reference [3] - 13:4, 14:13, 15:2
referral [1] - 7:1
referred [2] - 10:14, 11:2, 12:12, 12:18, 12:25, 13:6
referring [1] - 3:23
refers [1] - 13:1
reflects [1] - 15:25
regard [1] - 6:2
regarding [1] - 13:7
relates [1] - 12:24
relating [1] - 14:15
relied [1] - 18:17

remember [2] - 11:5, 11:25
repeat [1] - 19:2
reply [4] - 3:6, 16:5, 16:16, 16:24
Reported [1] - 1:21
Reporter [1] - 20:16
REPORTER'S [1] - 20:1
represent [1] - 2:20
represented [1] - 2:16
require [1] - 5:8
reserve [1] - 11:17
resolution [1] - 3:2
respect [2] - 5:23
respond [5] - 5:25, 6:4, 6:17, 10:23, 13:23, 15:13, 15:17, 15:23
response [4] - 3:5, 3:13, 9:6, 14:20
responsive [1] - 17:17
retained [1] - 8:19
revenues [1] - 8:15
reverse [1] - 7:19
Rich [1] - 2:8
Richard [1] - 1:18
rights [3] - 5:3, 5:15, 9:10
RIVERSIDE [1] - 1:2
Robinson [1] - 2:25
rotation [1] - 18:4
RPR [1] - 1:22
rules [1] - 5:21
ruling [1] - 5:2
running [1] - 18:2

**S**

SA [2] - 1:6, 20:5
safe [1] - 15:18
sanction [18] - 4:9, 4:11, 4:19, 4:22, 5:1, 5:3, 5:8, 6:7, 6:13, 6:22, 8:1, 8:4, 8:5, 8:8, 8:10, 8:20, 8:22, 9:11
sanctioned [1] - 8:5
sanctions [10] - 5:6, 6:2, 7:10, 8:2, 8:13, 8:16, 8:19, 9:1, 9:7, 9:9
satisfy [1] - 8:21
schedule [1] - 4:3
second [2] - 14:20, 17:19
Section [1] - 12:19
see [5] - 3:2, 5:7, 15:23, 16:6, 16:25
send [2] - 11:18, 11:24
setting [1] - 8:14
shall [1] - 5:7
Shandell [1] - 2:14

show [16] - 3:5, 5:6, 5:25, 6:4, 6:8, 6:10, 6:11, 6:12, 6:18, 9:6, 10:14, 10:24, 13:9, 13:24, 14:19, 14:21
shows [1] - 13:16
side [1] - 17:14
signature [1] - 20:11
simple [1] - 5:19
situation [1] - 13:22
six [1] - 18:3
sooner [1] - 9:16
sorry [5] - 3:14, 3:16, 4:22, 9:24, 15:14
specific [2] - 6:13, 10:16
specifically [1] - 8:12
spoken [1] - 13:14
start [1] - 2:6
state [1] - 2:6
statement [2] - 12:25, 13:8
STATES [1] - 1:1
stenographically [1] - 20:4
still [3] - 8:16, 17:15, 18:13
Street [1] - 1:23
stuff [2] - 10:2, 10:4
subject [1] - 6:8
subjects [1] - 3:4
submission [1] - 16:16
submissions [2] - 7:11, 13:8
submitted [4] - 9:21, 10:17, 11:2, 18:23
substantive [2] - 14:20, 14:25
suggest [1] - 14:10
suggesting [2] - 7:1, 7:4
summarizes [1] - 18:20
superseding [5] - 10:21, 12:19, 12:21, 12:22, 13:4
surprised [3] - 13:15, 13:18, 13:19
suspect [1] - 16:10
sustained [1] - 8:10

## T

table [2] - 7:5, 10:6
Taylor [2] - 1:14, 2:23
team [1] - 4:24
Telephone [1] - 1:12
test [1] - 8:21
THE [52] - 1:1, 1:1, 2:2, 2:11, 2:15, 2:22, 3:1,

3:14, 3:17, 3:19, 3:22, 3:25, 4:4, 4:6, 4:16, 4:18, 4:21, 4:23, 5:19, 6:15, 6:19, 7:9, 7:12, 8:23, 9:22, 9:24, 10:9, 10:12, 10:25, 11:4, 11:13, 11:20, 11:22, 12:3, 12:10, 12:16, 13:11, 14:12, 14:22, 15:9, 15:11, 15:19, 15:21, 16:13, 16:18, 16:23, 17:11, 17:23, 18:6, 18:16, 18:22, 19:6
theory [1] - 5:2
thinking [1] - 6:22
third [1] - 12:11
three [5] - 3:4, 14:7, 15:5, 15:21, 17:24
today [1] - 17:9
today's [1] - 15:2
top [1] - 4:25
Tracey [2] - 1:17, 2:7
transcribed [1] - 20:8
transcript [3] - 13:16, 15:25, 20:8
trial [3] - 4:13, 5:8, 9:4
true [2] - 12:13, 12:18
try [3] - 7:7, 9:15, 11:5
two [12] - 3:18, 3:23, 6:11, 10:10, 12:21, 14:7, 14:18, 15:5, 15:16, 15:17, 16:14
types [1] - 5:13

## U

U.S [1] - 1:22
understandably [1] - 18:23
understood [2] - 10:18, 14:1
UNITED [1] - 1:1
unless [1] - 18:25
unlikely [1] - 16:12
unnecessarily [1] - 18:25
up [2] - 5:1, 11:23
US [1] - 7:2

## V

various [1] - 11:2
versus [1] - 2:2
vindicate [1] - 8:8

## W

walt [2] - 4:18, 7:18

wants [1] - 4:8
War [1] - 11:6
Wayne [3] - 1:13, 2:12, 18:11
ways [1] - 13:13
week [3] - 11:24, 12:4, 15:20
weeks [6] - 14:7, 15:5, 15:7, 15:12, 15:15, 15:16
Weil [17] - 1:19, 2:19, 3:9, 6:5, 6:15, 6:19, 7:12, 9:16, 9:18, 10:10, 11:5, 12:4, 12:9, 13:12, 14:22, 16:14, 17:9
WEIL [32] - 2:18, 3:9, 3:16, 3:18, 3:21, 3:23, 4:1, 4:5, 4:7, 4:17, 4:20, 4:22, 6:5, 6:16, 7:7, 7:10, 7:25, 9:18, 9:23, 10:8, 10:10, 10:13, 11:1, 12:9, 12:11, 12:17, 14:9, 14:17, 15:7, 15:10, 16:14, 17:8
Weil's [2] - 5:13, 5:22
Weir [10] - 1:19, 2:16, 2:20, 4:11, 5:17, 12:12, 12:17, 12:21
Weir's [4] - 5:14, 12:25, 13:2, 13:7
West [1] - 1:23
Whereof [1] - 20:10
witness [1] - 13:3
Witness [1] - 20:10
woefully [1] - 13:15
word [1] - 9:2
words [1] - 12:20
World [1] - 11:6
world [1] - 15:3
worry [2] - 11:20, 11:22
write [4] - 9:6, 10:5, 18:19
writing [4] - 14:11, 14:16, 14:18, 18:17

## X

X-22 [1] - 10:15

## Y

year [2] - 17:19, 18:3

## Z

Zajac [3] - 1:22, 20:3, 20:15

Case 5:09-cv-00023-MJG-OP   Document 453   Filed 05/13/16   Page 1 of 1   Page ID #:17502

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-00023-MJG (OPx) | | Date | May 13, 2016 |
|---|---|---|---|---|
| Title | Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA, et al. | | | |

| Present: The Honorable | Marvin J. Garbis, United States District Judge | |
|---|---|---|
| Vangelina Pina | Mary Zajac - US District Court-For the District of Maryland | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Applicant: | Attorneys Present for Respondent: |
|---|---|
| Jan Weir | Alan Weil |
| Taylor Foss | Corey Klein |
| Bred Hembd | Mark Perry |
| Quinton Hahn | Richard H. Cunningham |
| Jennifer Mauri | Tracey Davies |
| Wayne Gross | |

**Proceedings:**   TELEPHONE CONFERENCE CALL (IN CHAMBERS)

Counsel are telephonically present, status and scheduling conference is held.

Order to show cause and briefing schedule to follow.

IT IS SO ORDERED.

.30 mins

Initials of Preparer   vp

**Terry Kuester (OC)**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, May 17, 2016 10:59 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 5:09-cv-00023-MJG-OP Amphastar Pharmaceuticals Inc v. Aventis Pharma SA et al Telephone Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 5/17/2016 at 10:58 AM PDT and filed on 5/13/2016
**Case Name:**    Amphastar Pharmaceuticals Inc v. Aventis Pharma SA et al
**Case Number:**    5:09-cv-00023-MJG-OP
**Filer:**
**WARNING: CASE CLOSED on 07/13/2015**
**Document Number:** 453

**Docket Text:**
**MINUTES OF Telephone Conference Call held before Judge Marvin J. Garbis. Counsel are telephonically present, status and scheduling conference is held. Order to show cause and briefing schedule to follow. Court Reporter: Mary Zajac - US District Court-For the District of Maryland.(mrgo)**

**5:09-cv-00023-MJG-OP Notice has been electronically mailed to:**

Corey E Klein    sshamdas@kbkfirm.com, cklein@kbkfirm.com, bsulier@kbkfirm.com

James L Zelenay    jzelenay@gibsondunn.com

William B Dawson    wdawson@gibsondunn.com

Stephen C Payne    spayne@gibsondunn.com

M Sean Royall    jmckenney@gibsondunn.com, kengland@gibsondunn.com, oadendorff@gibsondunn.com, sroyall@gibsondunn.com

1

Joseph J Mellema    tkuester@mrllp.com, jmellema@mrllp.com

Tracey B Davies    ajohnson@gibsondunn.com, tdavies@gibsondunn.com, tflowers@gibsondunn.com, lgee@gibsondunn.com

Meaghan L Lert    mlert@kbkfirm.com

Mark A Perry    mperry@gibsondunn.com

Jennifer A Mauri    tkuester@mrllp.com, jmauri@mrllp.com

Ashley E Johnson    ajohnson@gibsondunn.com, dthorn@gibsondunn.com

Betty X Yang    byang@gibsondunn.com

Richard H Cunningham    rhcunningham@gibsondunn.com

Taylor Crellin Foss    tfoss@mrllp.com, tkuester@mrllp.com

Wayne R Gross    lkibota@ggtriallaw.com, wgross@ggtriallaw.com

Jan P Weir    jweir@mrllp.com, tkuester@mrllp.com

Bret D Hembd    jmullins@ggtriallaw.com, bhembd@ggtriallaw.com

Linda A Kontos    susan.hershman@usdoj.gov, usacac.civil@usdoj.gov

Alan Jay Weil    cklein@kbkfirm.com, mdavis@kbkfirm.com, ajweil@kbkfirm.com, bsulier@kbkfirm.com

**5:09-cv-00023-MJG-OP Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Joyce R Branda
Commercial Litigation Branch
US Department of Justice
P O Box 261
Ben Franklin Station
Washington DC 20044

1

## CERTIFICATE OF SERVICE

2

3       I certify that on November 16, 2017, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF System.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

4

5

6                                          By: /s/   *Jan P. Weir*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

**CERTIFICATE OF SERVICE**

208411