1   JAN P. WEIR (106652)
2   *jweir@mrllp.com*
    17901 Von Karman Avenue, Suite 1000
3   Irvine, CA  92614
    T:  714.557.7990
4   F:  714.557.7991
5   *Pro Se*
6
7
8               **UNITED STATES DISTRICT COURT**
9      **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**
10

| | |
|---|---|
| 11  IN RE. PROCEEDINGS REGARDING CONCUCT OF COUNSEL, | Case No.: EDCV 5:09-00023-MJG (OPx) |
| 12  JAN P. WEIR, Appellant. | Honorable Marvin J. Garbis |
| 13  In the Matter Styled: | **TRANSCRIPT OF TELEPHONIC PROCEEDINGS ON DECEMBER 21, 2016 BEFORE THE HONORABLE MARVIN J. GARBIS, BALTIMORE, MARYLAND, RELATED TO [494]** |
| 14  | |
| 15  The UNITED STATES, the DISTRICT OF COLUMBIA, the states of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, | |
| 16  ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, | |
| 17  MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW | |
| 18  MEXICO, NEW YORK, OKLAHOMA, RHODE ISLAND, | |
| 19  TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, ex rel. AMPHASTAR | |
| 20  PHARMACEUTICALS, INC., | |
| 21                    Plaintiffs/Relator, | |
| 22           v. | |
| 23  AVENTIS PHARMA S.A., AVENTIS PHARMACEUTICALS, INC., | |
| 24  SANOFI-AVENTIS S.A., and DOES 1-10, | |
| 25  | |
| 26                    Defendants. | |
| 27  | |
| 28  | |

                    **TRANSCRIPT OF PROCEEDINGS**

```
 1        IN THE UNITED STATES DISTRICT COURT
       FOR THE CENTRAL DISTRICT OF CALIFORNIA
 2                EASTERN DIVISION

 3    _____
                                 )
 4   AMPHASTAR PHARMACEUTICALS,   )
     INC.,                        )
             Plaintiff           )
 5                                )
                                  )
 6        v.                      ) EDCV 5:09-0023 MJG
                                  )
 7   AVENTIS PHARMA SA, et al.,   )
             Defendants           )
     _____  )
 8
                              Baltimore, Maryland
                              December 21, 2016
 9                            2:59 PM to 3:26 PM

10      THE ABOVE-ENTITLED MATTER CAME ON FOR
                  TELEPHONE CONFERENCE
11      BEFORE THE HONORABLE MARVIN J. GARBIS

12             A P P E A R A N C E S

13   On behalf of the Plaintiff:

14        Wayne Gross, Esquire (via telephone)
          Bret Hembd, Esquire (via telephone)
15
     On behalf of Defendant Aventis Pharma SA:
16
          Tracey Davies, Esquire (via telephone)
17        Mark Perry, Esquire (via telephone)
          Richard Cunningham, Esquire (via telephone)
18

19

20

21

22

23

24

25
```

```
 1                A P P E A R A N C E S  (CONT.)

 2
     On behalf of Defendant K&L Gates, LLP:
 3
          Alan Jay Weil, Esquire (via telephone)
 4
     Also present:
 5
          Jason Shandell, President of Amphastar (via telephone)
 6        Dan Dovdavany (via telephone)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20
          Proceedings recorded by mechanical stenography,
21   transcript produced by computer.

22   ──────────────────────────────────────────────────────

           MARTIN J. GIORDANO, RMR, CRR
23        FEDERAL OFFICIAL COURT REPORTER
           U.S. Courthouse, Fourth Floor
24           101 West Lombard Street
           Baltimore, Maryland 21201
25               410-962-4504
```

1      <u>**PROCEEDINGS OF DECEMBER 21, 2016**</u>

2          **LAW CLERK:**  Who all do we have on the line today?

3   Do we have everyone that we're expecting?

4          **MR. WEIL:**  This is Alan Weil.  I'm here with

5   Cory Fein for Mr. Weir and Defendant K&L Gates.  Mr. Weir may

6   join the call.  I'm not sure.  I haven't heard if he's on or

7   not.  Everyone else appears to be on.

8          **THE CLERK:**  Okay.  Go ahead.

9          **MS. DAVIES:**  I was just going to say this is

10  Tracey Davies for Sanofi-Aventis, and my client,

11  Dan Dovdavany, is on, as well as my colleagues, Mark Perry and

12  Rich Cunningham.

13         **MR. GROSS:**  And Wayne Gross and Bret Hembd from

14  Greenberg Gross on behalf of Amphastar.  The President of

15  Amphastar, Jason Shandell, is also on the line.

16         **THE CLERK:**  Okay.  I just want to remind everyone

17  that, because we will be having this call on the record, to

18  please state your name before you start speaking so that the

19  reporter can accurately record who is saying what.

20         And, if you'll just hold for a moment, I'll get the

21  Judge.

22         (Pause.)

23         **THE COURT:**  Okay.  Good afternoon.

24         First let me say that there is a number of things

25  happening here that may interrupt us, although I do not expect

1    this to be a long call.  If that happens, just excuse me, and

2    we'll take a very brief recess.  I don't think that's going to

3    happen.

4            But let us start.  I think the first thing that

5    would be helpful will be to put us in the current context and

6    my understanding of where the entire case is.

7            **THE CLERK:**  You should call the case.

8            **THE COURT:**  Okay.  Thank you.

9            Well, the case -- the caption is the United States

10   versus Aventis Pharma SA, EDCV 5:09-00023 MJG.

11           And I suppose we should have -- let me ask the

12   reporter:  Do you need to have counsel again state --

13           **THE REPORTER:**  No.

14           **THE COURT:**  No?  We already have your identities.

15           Okay.  At this point, on the merits of the case,

16   there has been a substantive appeal, an appeal from the

17   decision dismissing the case for lack of jurisdiction, and an

18   appeal from the denial of legal fees based upon essentially

19   what I'll call a jurisdictional issue.  The significance is

20   that the argument has been held in the Ninth Circuit, it's

21   under consideration, and, as I understand the current

22   situation, the following are the possible outcomes of the

23   case:

24           One is that I get affirmed on everything, and that's

25   okay.

1           Secondly is, if I get reversed on the jurisdictional

2    issue, the dismissal, then the case is remanded, and I gather

3    it will proceed toward the merits, and naturally we'll have to

4    be dealing with that.

5           If it is affirmed on the merits but is reversed on

6    the legal fee issue -- and I gather that the essence of that

7    is a Supreme Court decision that intervened -- then I gather

8    that we would have to proceed in regard to legal fees.  We'll

9    see what happens.

10          I do not see that any of those possibilities affect

11   what we are trying to do with regard to this current issue.

12   I'll ask you to comment on it, but I don't think we should

13   defer or do anything in respect to whatever the Ninth Circuit

14   is going to do, because I think what they're going to do will

15   not affect what we're going to do.

16          Does anybody believe that that's an incorrect view?

17          Mr. Weil?

18          **MR. WEIL:**  This is Alan Weil.  Yes, Your Honor, I

19   agree with Your Honor.

20          **THE COURT:**  All right.  Ms. Davies?

21          **MS. DAVIES:**  Your Honor, we have no dispute with

22   that.

23          **THE COURT:**  Mr. Gross?

24          **MR. GROSS:**  Nor do we.

25          **THE COURT:**  Okay.  That's fine.

1        Okay.  Then the next thing is to determine -- I

2    think it would be helpful for a lot of reasons to have a

3    hearing on the current situation, and I think, with regard to

4    that, the questions are "when," "where," and then we will talk

5    about what's in the hearing.

6        As far as the "when" is concerned, I am quite

7    anxious to be accommodating to your schedules understanding

8    that nobody wants to have this thing unduly delayed, but let

9    me just address the "where."

10        The one thing that is obvious is the court system

11    does not have a lot of money, and having the hearing in Los

12    Angeles, which would be fine for some counsel, would not be

13    particularly helpful for Houston counsel, and I'm wondering:

14    One thing that I can do is I am on the Ninth Circuit and have

15    hearings scheduled the week of February 14th, and I could

16    arrange for us to have our hearing in San Francisco,

17    preferably on the Monday, but perhaps on the afternoon of

18    Tuesday or Wednesday.

19        Does that suit anybody's schedule?  Mr. Weil?

20        **MR. WEIL:**  Your Honor, I think that could be done;

21    however, as you probably know, it's a very short flight from

22    San Francisco to Los Angeles, and, since both Mr. Gross,

23    Mr. Gross' client, and my firm, myself and Mr. Weir are all in

24    Los Angeles, and as I think you probably had recognized from

25    the thousands of pages of briefs and declarations and exhibits

1    that have been submitted to you in connection with this

2    proceeding, there is a lot of material to go over.

3         I think it would be a little bit easier -- and I say

4    that's probably understated -- if the hearing were held in Los

5    Angeles to accommodate both the size of the record that we've

6    submitted to you and the location of the parties to this

7    proceeding and counsel.  That's possible.  If not, then we'll

8    definitely come up to San Francisco.

9         **THE COURT:**  Well, this is not a question of my

10   preference.  This is a question of trying to work something

11   out with the Court, but, Ms. Davies, I assume you don't care?

12        **MS. DAVIES:**  I think that's probably right, Your

13   Honor.  I would want to check with our client.

14        Dan, you're on the line.  I hate to put you on the

15   spot, but I don't know that we have a preference one way or

16   another whether it's San Francisco or L.A.

17        **MR. DOVDAVANY:**  We're happy to accommodate the

18   Court's preference.

19        **THE COURT:**  All right.  And, Mr. Gross, I'm not

20   saying it's impossible.  I would just have to go to the

21   keepers of the purse for this.  Mr. Gross?

22        **MR. GROSS:**  Right.  Well, as Mr. Weil indicated, we

23   are based in Southern California, as is the client.  Obviously

24   we do want to accommodate the Court as much as we possibly

25   can, so that's sort of our position.

1        **THE COURT:**  Okay.  Let's see what this hearing is

2   going to be and how long it's going to be.

3        First of all, the critical events that we're looking

4   at occurred on the record in proceedings that are really not

5   debatable in the sense of what happened, and, on the other

6   hand, there may be a need for, or there is evidence outside of

7   the transcript, but does anybody believe -- I mean, so far,

8   there has been no indication that anybody wants to present a

9   witness.  I gather there is no indication that Mr. Weir

10   intends to testify, and, you know, I will just make a decision

11   and make the relevant findings on the record as it is, but I

12   certainly am not going to deny anybody the ability to present

13   any witness that they want to.  So let's find out if anybody

14   wants to present a witness, and then that will be helpful.

15        So, Mr. Weil, is there any intention of presenting

16   any evidence?

17        **MR. WEIL:**  Your Honor, I think that the submissions

18   that have been presented by all sides based on, as you pointed

19   out, record evidence, is sufficient for Your Honor to make a

20   decision; however, I do have one request in connection with

21   this, which would inform, I think, everyone's judgment on this

22   subject.  I think it would be very helpful to all concerned if

23   Your Honor could give us some sort of a written tentative

24   ruling or a list of questions you want answers to sufficiently

25   in advance of the hearing so that we know how and where to

1    focus those matters that are important to Your Honor.

2         I presume that you've had an opportunity to review

3    what is admittedly a voluminous set of briefs and declarations

4    and exhibits, but, rather than have us show up and not know

5    where you want us to go with everything that's been presented,

6    some of which is directly -- it's in the four corners of the

7    OSC that you issued, and some which is not.  I think it would

8    be helpful if we had that guidance from you if it's possible.

9         THE COURT:  Well, I'll certainly review the

10   situation.  I did not think there was much ambiguity from

11   what's been issued before, but let me look into that, but, in

12   any event, you see -- well, let me ask:  Does anybody else

13   believe there is any need for any evidence?

14        MR. GROSS:  On behalf of Amphastar, Your Honor, we

15   do not.

16        MS. DAVIES:  This is Tracey Davies.  On behalf of

17   Sanofi-Aventis, I don't believe we do.

18        THE COURT:  Okay.  All right.  So do I understand --

19        MR. WEIL:  Your Honor, this is Alan Weil.  I'm sorry

20   for interrupting, Your Honor.

21        THE COURT:  Yes.

22        MR. WEIL:  My point was not to suggest that, at this

23   moment, we think there is a need for any further evidence.

24   The only point I was making was essentially one of limiting

25   how much time Your Honor has to devote to a hearing on this

1  matter so that we could focus our attention on those things

2  that are most important to you based upon everything that's

3  been submitted.

4       **THE COURT:** Okay. I note that, and I just want to

5  say I will be happy to do the best that I can with that, but,

6  whatever it is, I certainly do not see this hearing requiring

7  more than one day, and probably maybe a half a day, but does

8  anybody think it's perceived to be longer than that?

9       **MR. WEIL:** This is Alan Weil, Your Honor. I think a

10  day will be sufficient.

11       **THE COURT:** All right. So one possibility is, if --

12  I gather your preference is, if I can get the management -- I

13  mean, perhaps then we could set up the hearing on the Friday

14  before, the Monday after I'm on the Ninth Circuit, because I'd

15  be in California, and at least I can make the pitch to the

16  bean counters that, look, we're saving you, you know, airfare.

17       So could you just tell me if you have or could

18  possibly tentatively set those two dates, and I'll see what I

19  can do? It's going to be -- that would be either the 10th of

20  February, and the 20th is a holiday, isn't it?

21       **LAW CLERK:** The 21st is what?

22       **THE COURT:** The 20th is a holiday.

23       **MR. WEIL:** The 13th is a holiday, and the 20th.

24       **THE CLERK:** The 20th is --

25       **THE COURT:** No, no. The 20th is a holiday.

1        **MR. WEIL:**  It is, Your Honor.

2        **THE COURT:**  All right.  So, realistically, the 10th

3   would seem to make sense.  Could we tentatively set it for

4   February the 10th, and, you know, I'll get on it and get back

5   to you about the date if I can, but that's okay?  Is everybody

6   all right with the 10th?

7        **MR. GROSS:**  Yeah.  For Amphastar, Wayne Gross and

8   Bret Hembd.  We're available.  Mr. Shandell is on the line but

9   not with us, so I'm not sure if he's available on the 10th.

10        **MR. SHANDELL:**  Actually, that's better.  I'm gone

11   the week of the 14th.  I will be available on the 10th.  Thank

12   you.

13        **THE COURT:**  All right.  All right.  So, again,

14   assuming I can set it up, we're looking for February the 10th

15   for the hearing, and it's probably going to start at whatever

16   they have for a normal time in the morning, and I'll get back

17   to you.

18        Now, secondly, I will --

19        **MS. DAVIES:**  Your Honor?

20        **THE COURT:**  Yes.

21        **MS. DAVIES:**  Your Honor, this is Tracey Davies.  I

22   hate to throw a wrench in the mix, but I would request, if

23   possible, to be on some day other than the 10th.  We have a

24   critical member of our team who has a Fifth Circuit argument

25   that day.

1    **THE COURT:**  What?  Your critical member is where?

2    **MS. DAVIES:**  Mark Perry.  Mark is on the line.  He

3    has a Fifth Circuit argument that day, Mr. Perry does.

4    **THE COURT:**  Well, why wouldn't you be able

5    adequately to represent your client?  And, also, he could

6    attend by telephone, or we could arrange the time so it won't

7    interfere with him.  It's --

8    **MS. DAVIES:**  Okay.  Yeah.  I think that's fine.  To

9    the extent there was any flexibility, I thought I would

10   mention that, but we'll make whatever works for the Court work

11   for us.

12   **THE COURT:**  All right.  Let's assume that he will --

13   he's in the Sixth Circuit?

14   **THE CLERK:**  Fifth.

15   **MS. DAVIES:**  The Fifth Circuit.

16   **THE COURT:**  The Fifth Circuit.  Okay.  So he's going

17   to be in New Orleans.  Oh, I am confident we can set the

18   hearing at a time that would not interfere with his appearance

19   in the Fifth Circuit.

20   **MS. DAVIES:**  Okay.  Thank you.

21   **THE COURT:**  I mean, I don't think there is any doubt

22   about it, because, if they're anything like the Ninth Circuit,

23   they finish sitting by noon, don't they?

24   **MR. PERRY:**  This is Mark Perry.  Generally, Your

25   Honor, that's exactly right, and, with the time change, we'll

1    make it work out.

2          **THE COURT:**  Yes, it's going to work out, so that's

3    no problem.  Okay.  And I will endeavor to get something in

4    writing in response to what Mr. Weil said that I think could

5    be helpful.

6          Is there anything else we -- let me see this.

7          **MR. WEIL:**  This is Alan Weil, Your Honor.

8    Mentioning evidence reminded me of one outstanding matter that

9    I think we need to have addressed before the hearing.

10          In connection with our September 19, 2015

11    submissions, we filed a request with the Court for production

12    of complete copies of Claire Davies notes in their original

13    form, whether they were handwritten, typed, rough, any drafts,

14    edits, or revisions.  As you may remember from the papers that

15    were submitted and the representations that were made to the

16    Court by Aventis' counsel, there was a representation

17    repeatedly made that Mr. Weir had stated Aventis has, quote,

18    got what we got with respect to original sources experiments,

19    close quotes.

20          Their submissions relied heavily on an excerpt of

21    what are identified as Ms. Claire Davies' notes during the

22    July 31, 2013 telephonic meet and confer, and the Court, at

23    least from reading the transcript, appears to have relied on

24    representations that Tracey Davies made regarding what

25    Mr. Weir said, even though she was not at that teleconference.

1        **THE COURT:**  You mean that --

2        **MR. WEIL:**  There are a series --

3        **THE COURT:**  Which transcript are you referring to?

4        **MR. WEIL:**  The transcript of the hearing -- the

5    evidentiary hearing.

6        **THE COURT:**  Oh, okay.  You mean the hearing itself?

7    The underlying hearing?

8        **MR. WEIL:**  Yes, correct.  Correct.

9        **THE COURT:**  How does this relate to our hearing?

10       **MR. WEIL:**  It relates to our hearing because, in the

11   papers that have now been submitted to Your Honor, we have

12   declarations from both Mr. Weir and Ms. Jennifer Mauri, an

13   associate at K&L Gates at the time.  We deny that Mr. Weir

14   made that statement.  Both of them were present for the July

15   31 teleconference.  Ms. Davies was not.

16       The submissions draw that issue to the Court's

17   attention, and our September 19 admission demonstrated that

18   the other side is relying upon this excerpt from

19   Ms. Claire Davies' notes to imply or state affirmatively that

20   Mr. Weir misled.

21       Aventis never responded to our September 19 request,

22   and our position is that the excerpt creates an unfair and

23   misleading impression --

24       **THE COURT:**  Well, I'm just trying to --

25       **MR. WEIL:**  -- and I will --

1      **THE COURT:**  Okay.  I'm just trying to understand --

2    well, first of all, let's find out if there are any notes

3    that -- I mean, that's the first thing.

4          Are there any notes, Ms. Davies?

5      **MS. DAVIES:**  There is a set of contemporaneous notes

6    that were taken by Claire Davies, yes, Your Honor.

7      **THE COURT:**  Okay.

8      **MS. DAVIES:**  They are work product.

9      **THE COURT:**  I understand.  About how big are they?

10   How much is there?

11     **MS. DAVIES:**  I don't have them immediately in front

12   of me.  I believe they are around nine pages, but it could be,

13   give or take, two or three pages either way, but I think it's

14   around nine pages of notes.

15     **THE COURT:**  Okay.  How, Mr. Weil, does whether

16   Mr. Weir said this or not say this affect what happens in the

17   hearing which happened on the record?  I'm not following the

18   significance of it, but, I mean, what's the difference?

19     **MR. WEIL:**  Well, Your Honor -- this is Alan Weil --

20   there are a lot of pages in the briefs admitted by Aventis

21   that rely upon Claire Davies' notes, or Tracey Davies'

22   repeated statements to the Court that Mr. Weir stated, quote,

23   you've got what we got with respect to original source

24   experiments.

25          So Aventis has used that statement to attempt to

 1    demonstrate to the Court that Mr. Weir misled and

 2    misrepresented.

 3           **THE COURT:**  Well, he didn't make that statement --

 4    go ahead.  I'm sorry.  I don't -- all right.  Maybe the thing

 5    to do is for you to -- I mean, if you're saying that there is

 6    going to be some fuss about whether I should find that

 7    Mr. Weir made the statement, which would be based on the

 8    record that I have, but we're not going to be then hearing

 9    Ms. Davies testify or be cross-examined, or to have Mr. Weir

10    testify or be cross-examined, I mean, I'll certainly be

11    reviewing the materials, but, if I can say I'm not going to

12    rely on whether or not Mr. Weir said that some months or years

13    before the hearing at which the acts in question occurred, I

14    think that would end it.

15           I don't see what we're -- I don't see anything,

16    anywhere to go.  I think, if you want, you know, notice that,

17    yes, I think this could be a relevant fact, then I'll be happy

18    to give you notice of that, and we can talk about her notes

19    and then what to say, but, if I'm going to make a factual

20    finding about what happened in that hearing, well, then we're

21    back to discovery and testimony for the people who were there,

22    and I think we're far from the core of what we're talking

23    about.

24           **MR. WEIL:**  This is Alan Weil, Your Honor.

25           I agree with you.  If the Court is going to conclude

1  that Ms. Tracey Davies' statements to the Court about what

2  Mr. Weir said in a July 31, 2013 telephonic meet and confer

3  not relevant to this proceeding, then we probably don't need

4  to go any further, but what I would ask the Court to do in

5  evaluating what the Court is going to do about statements that

6  were made on the record by Ms. Davies at the evidentiary

7  hearing, that you look at the September 19, 2016 submission

8  that we made, the separate document from the lengthy brief --

9  and I think it's entitled Request for Production of

10  Claire Davies' Notes -- before making a decision as to whether

11  or not we're entitled to those notes and whether you consider

12  them to be material through the OSC.

13      THE COURT:  Well, I will look into this, and I will

14  respond to it in writing, and I guess the -- because I'm not

15  casting any aspersions on anybody with regard to this.  If

16  there is a he said/she said dispute, the first thing to

17  determine is whether it's material to the issues of what

18  happened in our time frame.

19          I will respond to that.  Okay.

20      MR. WEIL:  Your Honor, this is Alan Weil.  Just for

21  ease of reference, the docket number of that request is

22  480-17.

23      THE COURT:  Okay.  Okay.  All right.  Fine.  So then

24  I believe that I owe you something certainly by the first week

25  in January that gets clear on the date and response to what's

```
 1    been asked here, and is there anything else?

 2             MR. GROSS:  Not on behalf of Amphastar, Your Honor.

 3             THE COURT:  Okay.  All right.

 4             MR. WEIL:  Not on behalf of Mr. Weir or K&L Gates,

 5    Your Honor.

 6             THE COURT:  Okay.  Thank you, guys.  Very good.

 7             MS. DAVIES:  Thank you.

 8             MR. GROSS:  Thank you, Your Honor.

 9             THE COURT:  All right.  We can adjourn.

10             MS. DAVIES:  Thank you.

11                 (Proceedings adjourned.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

CERTIFICATE OF OFFICIAL REPORTER

I, Martin J. Giordano, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 9th day of January 2017.

_____

MARTIN J. GIORDANO, RMR, CRR

FEDERAL OFFICIAL COURT REPORTER

Case 5:09-cv-00023-MJG-SHK   Document 538   Filed 11/16/17   Page 21 of 26   Page ID
Case 5:09-cv-00023-MJG-OP   Document 494   Filed 01/17/17   Page 1 of 3   Page ID #:26997
#:27952



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**101 W. LOMBARD STREET**
**BALTIMORE, MARYLAND  21201**

**Chambers of**
**Hon. Marvin J. Garbis**
**United States District Judge**

January 17, 2017

ALL COUNSEL OF RECORD

Re:  Amphastar v. Aventis, EDCV-5:09-0023 MJG

Dear Counsel:

In the telephone conference held December 21, 2016, counsel requested guidance as to the focus of the February 10, 2017 hearing.

The focus of the hearing is the conduct of Jan Weir, Esquire in regard to the evidentiary hearing pertaining to Amphastar as an alleged "original source." That is, what occurred in the course of the evidentiary hearing and the argument thereon. As stated in the Order to Show Cause [ECF NO. 450], the focus is whether sanctions are to be imposed upon Mr. Weir for his conduct, particularly:

- Misleading the Court to believe that certain exhibits were true and complete copies of original documents in counsel's and/or Amphastar's possession when Mr. Weir knew that the exhibits were not true and complete copies.

- Utilizing and referring to certain exhibits as if they were, contrary to facts known to Mr. Weir, true and complete copies of original documents.

- Failing to advise the Court during the testimony of an Amphastar witness, that an exhibit referred to, DX 22, had a blank space that was not blank in the original in counsel's possession but contained relevant information.

As reflected in the December 21, 2016 conference, there will be argument regarding Mr. Weir's credibility, but Mr. Weir will not testify.

COUNSEL OF RECORD
January 17, 2017
Page No. 2

      THE COURT:  First of all, the critical events
that we're looking at occurred on the record in
proceedings that are really not debatable in the
sense of what happened, and, on the other hand,
there may be a need for, or there is evidence
outside of the transcript, but does anybody
believe -- I mean, so far, there has been no
indication that anybody wants to present a
witness.  I gather there is no indication that
Mr. Weir intends to testify, and, you know, I
will just make a decision and make the relevant
findings on the record as it is, but I certainly
am not going to deny anybody the ability to
present any witness that they want to.  So let's
find out if anybody wants to present a witness,
and then that will be helpful.  So, Mr. Weil, is
there any intention of presenting any evidence?

      MR. WEIL:  Your Honor, I think that the
submissions that have been presented by all
sides based on, as you pointed out, record
evidence, is sufficient for Your Honor to make
a decision . . . .

Tr. December 21, 2016 at 8.

    I do not intend to focus on, or resolve, the dispute between
Mr. Weir's and Ms. Davies' versions of statements made in a July 31,
2013 conference.  Hence, I see no need for the production of Ms.
Davies' notes of a July 31, 2013 conference.

    Nor do I intend, in the hearing, to discuss Aventis' positions
that potential sanctions for Mr. Weir's conduct in regard to the
evidentiary hearing would extend to the entirety of the instant
lawsuit.[1]  However, I will consider any arguments regarding the
possible imposition of sanctions against Amphastar for the conduct
of Mr. Weir.

---

[1]    I recognize that if the appellate court should remand the case
for consideration of an award of costs and fees pursuant to 31 U.S.C.
§ 3730(d)(4), Mr. Weir's conduct may be relevant to that
consideration.

COUNSEL OF RECORD
January 17, 2017
Page No. 3


     Although in letter form, this document constitutes an
Order and shall be docketed as such by the Clerk.

                         Yours truly,


                     _____/s/_____
                     Marvin J. Garbis
              United States District Judge

CC: Clerk

**Terry Kuester (OC)**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Wednesday, January 18, 2017 10:20 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 5:09-cv-00023-MJG-OP Amphastar Pharmaceuticals Inc v. Aventis Pharma SA et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 1/18/2017 at 10:19 AM PST and filed on 1/17/2017
**Case Name:** Amphastar Pharmaceuticals Inc v. Aventis Pharma SA et al
**Case Number:** 5:09-cv-00023-MJG-OP
**Filer:**
**WARNING: CASE CLOSED on 07/13/2015**
**Document Number:** 494

**Docket Text:**
**ORDER (In Chambers) by Judge Marvin J. Garbis, regarding the February 10, 2017 hearing. The focus of the hearing is the conduct of Weir, Esquire in regard to the evidentiary hearing. See letter for details. (vp)**

**5:09-cv-00023-MJG-OP Notice has been electronically mailed to:**

Tracey B Davies    ajohnson@gibsondunn.com, tdavies@gibsondunn.com, tflowers@gibsondunn.com, lgee@gibsondunn.com

Meaghan L Lert    mlert@kbkfirm.com

Corey E Klein    sshamdas@kbkfirm.com, cklein@kbkfirm.com, bsulier@kbkfirm.com

Mark A Perry    mperry@gibsondunn.com

James L Zelenay    jzelenay@gibsondunn.com

1

William B Dawson    wdawson@gibsondunn.com

Jennifer A Mauri    tkuester@mrllp.com, jmauri@mrllp.com

Stephen C Payne    spayne@gibsondunn.com

Ashley E Johnson    ajohnson@gibsondunn.com, dthorn@gibsondunn.com

Betty X Yang    byang@gibsondunn.com

Richard H Cunningham    rhcunningham@gibsondunn.com

M Sean Royall    jmckenney@gibsondunn.com, kengland@gibsondunn.com, oadendorff@gibsondunn.com, sroyall@gibsondunn.com

Wayne R Gross    lkibota@ggtriallaw.com, wgross@ggtriallaw.com

Bret D Hembd    lmontoya@ggtriallaw.com, bhembd@ggtriallaw.com

Alan Jay Weil    cklein@kbkfirm.com, mdavis@kbkfirm.com, ajweil@kbkfirm.com, bsulier@kbkfirm.com

Linda A Kontos    linda.kontos@usdoj.gov, caseview.ecf@usdoj.gov, richard.nicholson@usdoj.gov, usacac.civil@usdoj.gov, david.m.finkelstein@usdoj.gov

**5:09-cv-00023-MJG-OP Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**
Joyce R Branda
Commercial Litigation Branch
US Department of Justice
P O Box 261
Ben Franklin Station
Washington DC 20044

1

## CERTIFICATE OF SERVICE

2

3      I certify that on November 16, 2017, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF System.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

4

5

6                                              By: /s/   Jan P. Weir

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

208411