UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMPHASTAR PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> AVENTIS PHARMA S.A., et al., <br><br> Defendants. | Case No. 5:09-cv-00023-SHK <br><br><br> **OPINION AND ORDER** |

Defendants Aventis Pharma S.A., Aventis Pharmaceuticals, Inc., and Sanofi-Aventis S.A. (collectively "Defendants") filed their Supplemental Submission Pursuant to the Court's November 13, 2020 Fee Amount Order ("Submission" or "Sub.") against Plaintiff Amphastar Pharmaceuticals, Inc. ("Plaintiff"). Electronic Case Filing Number ("ECF No.") 634, Sub. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. See ECF No. 607, Statement of Consent to Proceed before a United States Magistrate Judge ("Consent Statement"). For the reasons discussed below, the Court **GRANTS** Defendants' Submission in part.

/ / /

/ / /

# I. BACKGROUND

The procedural history of this case, which the parties are familiar with, is lengthy. As such, the Court discusses only the procedural history relevant to the instant Submission.

On July 14, 2017, Defendants applied for attorney fees and expenses under 31 U.S.C. 3730(d)(4)[1] ("Previous Fee Application"). ECF No. 519, Previous Fee Application. On November 20, 2017, the previously assigned United States District Judge granted Defendants' Previous Fee Application ("Order Granting Previous Fee Application") and ordered "Plaintiff-Relator, Amphastar Pharmaceuticals Inc. [to] pay Defendants their reasonable attorneys' fees and expenses from the date the Complaint was unsealed to the final disposition of this case."[2] ECF No. 541, Order Granting Previous Fee Application at 2, 22. The Court noted that it would, "by separate Order, refer the matter to a magistrate Judge to conduct such proceedings as may be necessary to provide a report and recommendation [("R&R")] regarding the amount of the award to be made." Id. at 23.

On November 21, 2017, the United States District Judge referred the matter to the undersigned United States Magistrate Judge to provide an R&R "regarding

---

[1] The Court observes that Defendants originally applied for attorneys' fees and costs on July 27, 2015, after the previously assigned United States District Judge, on July 13, 2015, dismissed the case for "lack of jurisdiction, with costs pursuant to 28 U.S.C. § 1919" but "retain[ed] jurisdiction to address matters, including the imposition of sanctions, in regard to the conduct of Plaintiff's counsel." See ECF No. 379, Judgment Order; ECF No. 385, Application to the Clerk to Tax Costs Against Plaintiff; ECF No. 386, Request for Attorneys' Fees. Defendants stated that they filed their Request for Attorneys' Fees at that time "to ensure that the issue of Defendants' entitlement to attorneys' fees [wa]s properly preserved." ECF No. 386, Request for Attorneys' Fees at 2 (citing Local Rule ("L.R.") 54-10).

[2] The Court observes that "[o]n October 28, 2011, the Complaint was unsealed, and Amphastar elected to proceed with the case on its own pursuant to 31 U.S.C. § 3730(c)(3)." ECF No. 541, Order Granting Previous Fee Application at 9.

the amount of the award to be made."³ ECF No. 543, Notice of Referral of Matter to the Magistrate Judge at 1.

On August 7, 2018, Defendants filed their Application for Fees And Expenses ("Application") and, on May 21, 2019, the parties filed a Joint Stipulation and Application for Order Re Non-Fee Expenses ("Expense Stipulation" or "Expense Stip."), which the Court granted the same day ("Order Granting Expense Stip." or "Order Granting the Expense Stipulation"). EFC No. 559, Application; ECF No. 620, Expense Stip.; ECF No. 621, Order Granting Expense Stip. In the Court's Order Granting the Expense Stipulation, the Court observed that the parties "filed a joint stipulation stating that $672,086.85 is a reasonable amount of Aventis's non-fee expenses from the unsealing of the complaint through April 30, 2018, in addition to the taxable costs previously paid by Amphastar and that this amount is adequately supported by documentation provided during discovery." ECF No. 21, Order Granting Expense Stip. at 2. The Court "accept[ed] the Parties' stipulation" and stated that it would "incorporate this amount in its forthcoming order on the amount of fees and expenses to be paid by Amphastar to Aventis." Id.

After Defendants' Application was fully briefed, on November 13, 2020, the undersigned United States Magistrate Judge granted Defendants' Application in part. ECF No. 626, Opinion and Order ("Fee Order"). Specifically, the Court awarded Defendants:

1) $672,086.85 for non-fee expenses pursuant to the parties' Expense Stipulation and the Court's Order Granting the Expense Stipulation;
2) $12,132,526.34 in attorneys' fees; and

---

³ As discussed above, Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. See ECF No. 607, Consent Statement. As such, the Court issues this Order, rather than an R&R as directed by the previously assigned United States District Judge.

3

3) "interest at the prime rate on Aventis's claimed fee expenses" and ordered Defendants to "provide fresh calculations to the Court[] . . . demonstrating the interest amount due to Defendants through the date of the Order based on the prime rate."

Id. at 61. The Court also instructed that it would "award Defendants a delay-in-payment-adjustment by separate order after Defendants submit the aforementioned fresh calculations." Id.

On December 14, 2020, Defendants filed their instant Submission, which contained fresh interest calculations, as well as a proposed delay-in-payment-adjustment amount. ECF No. 634, Submission. Defendants also submitted the Declarations of Mark A. Perry ("Perry Declaration" or "Perry Decl.") and David A. Schnitzer ("Schnitzer Declaration" or "Schnitzer Decl.") in support of their Submission. ECF No. 635, Perry Decl.; ECF No. 636, Schnitzer Decl.

On January 12, 2021, Plaintiff filed a Response in opposition to Defendants' Submission ("Response") and the Declaration of Evan C. Borges ("Borges Declaration" or "Borges Decl.") in support of Plaintiff's Response. ECF No. 642, Response; ECF No. 643, Borges Decl.

On January 19, 2021, Defendants filed a Reply in support of their Submission ("Reply") and the Supplemental Declarations of Mark A. Perry ("Perry Supplemental Declaration" or "Perry Supp. Decl.") and David A. Schnitzer ("Schnitzer Supplemental Declaration" or "Schnitzer Supp. Decl.") in support of their Submission. ECF No. 644, Reply; ECF No. 645, Perry Supp. Decl.; ECF No. 646, Schnitzer Supp. Decl.

The matter stands fully briefed and ready for decision.

## II. LEGAL STANDARDS

"'Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings.'" Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Staton v. Boeing Co., 327 F.3d 938,

965 (9th Cir. 2003)). "However, in order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a fee shifting statute." Id. (internal quotation marks and alterations omitted). The False Claims Act ("FCA") is such a statute and provides that:

> if the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4).

To calculate the amount of fees that is reasonable, the Court must apply a "lodestar" method, multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho, 523 F.3d at 978 (citation and internal quotation marks omitted). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "In rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." Welch, 480 F.3d at 946 (citing Van Gerwen v. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000)). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch, 480 F.3d at 948 (citing Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir.1992)).

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979 (citation omitted). "Rates outside the forum may be used if local counsel was

unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Id. (citation and internal quotation marks and alteration omitted). "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Id. (citation and internal quotation marks omitted).

"'To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. at 980 (quoting Blum v. Stetson, 465 U.S. 886, 895 n.11 (1984)). The Ninth Circuit has found that "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." Id. (citation and internal quotation marks omitted).

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." Id. Rather, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." Id. (citation and internal quotation marks omitted).

Further, "[t]he district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement." In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 (9th Cir. 1994) (citation omitted). The Court may not, however, use "the last rates charged by attorneys who left prior to the fee petition,

6

without a prime rate enhancement," because doing so "inadequately compensate[s] the firm for the delay in receiving its fees[]" and "[t]he time value of money lost by the firm is only partially recouped." Id. Instead, "[f]ull compensation requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor." Id.

### III. DISCUSSION

#### A. Parties' Arguments

##### 1. Defendants' Submission

In their Submission, Defendants seek a grand total of $17,335,811 for work performed "from inception through April 30, 2018[,]" as well as for "work from May 1, 2018 through November 13, 2020." ECF No. 634, Submission at 2 (capitalization normalized).

Specifically, for work performed from the inception of the litigation through April 30, 2018, Defendants seek:

- $12,212,822[4] in fees;
- $672,102 in expenses; and
- $3,346,131 for "interest due through November 13, 2020 on the fees and expenses awarded for work through April 30, 2018[,]" for a subtotal of $16,231,056.

Id.

///

---

[4] Defendants assert that "the correct amount of the fee award is $12,212,822 (rather than $12,132,526)" because "[t]he Court ordered an 11.176% reduction[,] . . . [h]owever, in converting that percentage to dollars, the Court provided a figure of $12,132,526, which appears to reflect an 11.76% reduction rather than the ordered 11.176% reduction." ECF No. 634, Submission at 3 (emphasis removed). Plaintiff "does not dispute this correction[,]" "which would result in an increase of $80,296 to the Court's award[,]" ECF No. 642, Response at 2. The Court agrees to the uncontested proposed adjustment. Consequently, Defendants' fee award is adjusted to $12,212,822 to reflect a reduction of 11.176% of the 23,788 billed hours, or a reduction of 2658.55 hours, for a total of 21,129.45 allowed hours.

7

Additionally, for work performed from May 1, 2018 through November 13, 2020, Defendants seek:

- $936,384 in fees;
- $101,258 in expenses; and
- $67,149 in interest for a subtotal of $1,104,755.

Id. With respect to the $936,384 in fees Defendants seek for work performed from May 1, 2018 through November 13, 2020, Defendants assert that:

> The 10.176% discount imposed by the Court for block-billing thus does not apply to these more recent periods. Further, only five attorneys worked on the matter at all during this period, and four account for 94.8% of the total hours. See id. ¶ 5(c). Thus, the 1% discount imposed by the Court for transient billers does not apply to these more recent periods. Nevertheless, and to avoid prolonging this litigation, Aventis agrees that both of these discounts (totaling 11.176%), in addition to the 16% client-side discounts, should be taken so that the reasoning of the Court's Fee Amount Order applies to all fees awarded in this Court.

Id. at 6.

### 2. Plaintiff's Response

Plaintiff raises the following objections to the amounts sought in Defendants' Submission:

First, Plaintiff "disputes the propriety of the application of the prime rate as opposed to the federal pre-judgment interest rate[]" and "provides an alternative calculation of interest based on the pre-judgment interest rate, which would result in a reduction of the interest award to less than $1.5 million. ECF No. 642, Response at 2. Specifically, Plaintiff asserts that "the prime rate enhancement is not appropriate based on the uncontroverted evidence in this case" because "the prime rate remedy is designed to be compensatory, making the party whole for the cost of loss of use of funds." Id. at 4. Plaintiff asserts that "[i]n this case, the uncontroverted evidence shows that, during the applicable time period, Aventis was borrowing funds at interest rates of close to 0%[]" and, therefore, "an

enhancement based on the prime rate would not be compensatory but rather would provide an improper profit and windfall to Aventis." Id.

Second, Plaintiff "submits that the appropriate time period over which to award pre-judgment interest commences as of November 20, 2017 (when Judge Garbis issued his order finding an entitlement of Aventis to an award of fees and expenses) through the date of entry of judgment in this matter." Id. Plaintiff asserts that "[u]nder this calculation, the total interest award would be less than $750,000." Id. at 2, 4. Plaintiff also "requests that the Court exercise its discretion to remove th[e] time period" when "this matter was under submission between May 2019 and November 2020[] . . . from the period from which the interest award is being applied," because Plaintiff "should not pay an economic penalty due to disruptions in the operation of the court system during the COVID-19 pandemic and related shut-downs." Id. at 6 n.1.

Third, Plaintiff asserts that Defendants seek "a blended hourly rate of $859" for fees "incurred in bringing the underlying fee application that is the subject of the Order[,] . . . which is higher than the $578 blended rate found to be reasonable in the Order." Id. at 2-3. Plaintiff asserts that "[e]ven after the application of the discounts conceded by Aventis, however, the [Submission] seeks a fee award based on a blended hourly rate of $641." Id. at 3. Plaintiff argues that Defendants do "not present any evidence to support its blended hourly rate of $641 per hour, as compared to the blended rate of $578 that the Court, in its Order, found to be reasonable." Id. at 7. Moreover, Plaintiff adds that "unlike the underlying fee application, the [Submission] contains no evidence of the amounts, if any, of the fees at issue that have been actually paid by Aventis[,]" which is problematic because "the Court based its approval of a $578 blended hourly rate, in large part, on the amount of fees that Aventis actually paid, after application of a 16% discount negotiated between Aventis and its counsel." Id. (emphasis removed and citations omitted).

9

Plaintiff concludes that based on the foregoing, "the maximum fees that can be awarded are $811,072.97[,]" plus "costs of $101,258[,]" which "would result in a total maximum additional award to Aventis of $912,330.97." Id. at 8.

### 3. Defendants' Reply

Defendants reply that "[t]he only issue properly before the Court is a trivial disagreement over the blended hourly rate for the supplemental period." ECF No. 644, Reply at 2. Defendants assert that under Plaintiff's "methodology, the award for that period would be $1,104,755 with interest; whereas under Amphastar's methodology, it would be $972,648 with interest[,]" which "is a difference of just $132,107." Id. Defendants state that "[t]o put an end to this long-running litigation, Aventis will simply accept Amphastar's figure even though we do not agree with it[]" and, therefore, "the Court should enter a final award in the amount of $17,203,703, calculated as follows[.]" Id.

For work performed from the inception of the litigation through April 30, 2018, Defendants seek:

- $12,212,822 in fees;
- $672,102 in expenses; and
- $3,346,131 for "interest due through November 13, 2020 on the fees and expenses awarded for work through April 30, 2018[,]" for a subtotal of $16,231,056.

Id.

Additionally, for work performed from May 1, 2018 through November 13, 2020, Defendants seek:

- $811,056 in fees;
- $101,258 in expenses; and
- $60,333 in interest for a subtotal of $972,648 and a grand total of $17,203,703.

Id.

In support of the amounts requested above, Defendants first argue that "the Court should reject [Plaintiff's] effort to relitigate the Court's award of prime interest rate." Id. at 3 (capitalization normalized). Defendants argue that Plaintiff "does not dispute the accuracy of th[e] calculations" it submitted to the Court in its Submission, and "[i]nstead, [Plaintiff] inappropriately attempts to relitigate the Court's finding that Aventis is entitled to prime rate interest." Id. (emphasis removed). Defendants assert that "[t]his is a question the parties briefed and argued at the hearing—and that the Court considered and decided against [Plaintiff]." Id. (citations omitted). Defendants add that Plaintiff "has filed what amounts to a motion for reconsideration of the Court's ruling, yet it has not even tried to meet the standards for such a motion." Id. (citation omitted).

Second, Defendants argue that the Court should reject Plaintiff's argument "that any interest should only start on the date of the Fee Entitlement Order in 2017, rather than as the fees and expenses were incurred." Id. at 4 (citation omitted). Defendants assert that "[i]n addition to being substantively incompatible with the analysis in the Fee Amount Award, Amphastar waived these arguments by not raising them in its original opposition to Aventis's 2018 fee application." Id. (citation omitted). Defendant argues that "[t]he Court has resolved the question of the rate and starting point for interest, and there is no basis for revisiting those issues at this late date." Id. at 4.

Third, with respect to the award from May 1, 2018 through November 13, 2020, Defendants argue that Plaintiff "does not dispute that Aventis's counsel reasonably worked 1461.1 hours on this matter during the supplemental period of May 1, 2018 through November 13, 2020, or that Aventis's claim of $101,258 in expenses for that period is reasonable." Id. Defendants add that "as with the main award, Amphastar does not dispute Aventis's calculation amount of interest for the supplemental period" and, instead, Plaintiff "tries only to relitigate the previous ruling" that "Aventis is entitled to interest at the prime rate." Id. at 5 (emphasis

11

removed). Defendants also add that "Amphastar disputes the reasonable hourly rate for the supplemental period, a disagreement with a value of $132, 107" but that "[g]iven the small amount involved, [Defendants] simply accepts the lower rate to advance these proceedings toward final resolution, even though Amphastar is wrong." Id.

**B. <u>Analysis</u>**

Here, the Court separates the two categories of fee awards Defendants seek and discusses each category below.

**1. Award For Work Performed From October 28, 2011 Through April 30, 2018.**

As noted previously, for work performed from the unsealing of the Complaint on October 28, 2011 through April 30, 2018, the date the parties stipulated to Defendants' expense through, Defendants seek:

- $12,212,822 in fees;
- $672,102 in expenses; and
- $3,346,131 for "interest due through November 13, 2020 on the fees and expenses awarded for work through April 30, 2018[,]" for a subtotal of $16,231,056.

ECF No. 634, Submission at 2; ECF No. 644, Reply at 2.

As also noted previously, Plaintiff does not challenge the expenses for this time period. See ECF No. 620, Expense Stip.; ECF No. 621, Order Granting Expense Stip.; ECF No. 642, Response at 2. Consequently, the Court awards Defendants **$12,212,822 in fees** and **$672,102 in expenses** for work performed from the inception of the litigation through April 30, 2018.

Here, Plaintiff challenges only the amount Defendants seek in interest for this time period. Specifically, Plaintiff takes issue with Defendants being awarded interest: (1) at the prime rate; (2) commencing before November 20, 2017 when the previously assigned United States District Judge found and ordered that

Defendants were entitled to an award of fees and expenses; and (3) after the matter was under submission beginning in May 2019. ECF No. 642, Response at 2-4, 6 n.1. The Court is not persuaded by Plaintiff's arguments.

First, with respect to Plaintiff's argument that interest should be awarded at a rate other than the prime rate, this issue has already been argued by the parties and decided by the Court in the Fee Order. See ECF No. 626, Fee Order at 56-61. Specifically, the Court found that "awarding **Defendants interest based on the prime rate** is appropriate here because doing so will adequately compensate Defendants for the time value of the money they had tied up in this litigation." Id. at 60 (emphasis added). Consequently, the Court ordered "Defendants to provide fresh calculations to the Court, within thirty days of this Order, demonstrating the interest amount due to Defendants through the date of the Order **based on the prime rate**." Id. at 61 (some emphasis removed). As such, because this issue has already been litigated and decided, the Court declines to relitigate the issue again here and, instead, refers Plaintiff to the Court's analysis and conclusion in the Fee Order. See id. at 56-61.

Second, with respect to Plaintiff's argument that interest should not apply to the time before November 20, 2017 when the previously assigned United States District Judge found and ordered that Defendants were entitled to an award of fees and expenses, the Court disagrees. Again, this issue has already been argued and decided. As noted above, the previously assigned United States District Judge granted Defendants' Previous Fee Application and ordered "Plaintiff-Relator, Amphastar Pharmaceuticals Inc. [to] pay Defendants their reasonable attorneys' fees and expenses **from the date the Complaint was unsealed** [on October 28, 2011] **to the final disposition of this case**." ECF No. 541, Order Granting Previous Fee Application at 2, 22 (emphasis added). As such, the Court declines to disturb the previously assigned United States District Judge's Order Granting Previous Fee Application.

13

Finally, with respect to Plaintiff's argument that interest should not be awarded after the matter was under submission, the Court disagrees. Plaintiff has not provided any authority to support the proposition that interest ceases to accumulate upon a matter becoming fully briefed and taken under submission, and the Court can find none. Moreover, as noted above, the previously assigned United States District Judge ordered Plaintiff to pay reasonable attorney fees and expenses until "the final disposition of this case[,]" which has yet to happen as the parties are still litigating the total amount due to Defendants. See id. Thus, it does not follow that Defendants are due fees and expenses until the final disposition of this case, but not interest on those same fees and expenses Defendants incurred and are continuing to incur as this litigation, which has spanned over a decade, continues. Consequently, because Defendants have not yet been restored to the status quo ante for the money they have spent litigating this case, the Court finds that interest shall continue to generate at the prime rate until the final disposition of this case, which has not yet happened as the parties are still disputing Defendants' fees in this Court, and Plaintiff has also appealed this case to the Ninth Circuit Court of Appeals. See ECF Nos. 637-40, Documents relating to Plaintiff's appeal.

Consequently, the Court awards Defendants **$3,346,131 for interest** through November 13, 2020 on the fees and expenses awarded for work through April 30, 2018. Thus, the subtotal for work performed from the unsealing of the Complaint on October 28, 2011 through April 30, 2018 is **$16,231,055**.

### 2. Award For Work Performed From May 1, 2018 Through November 13, 2020.

As noted previously, for work performed from May 1, 2018 through November 13, 2020, Defendants seek, as amended by Defendants' Reply:

- $811,056 in fees;
- $101,258 in expenses; and

14

- $60,333 in interest for a subtotal of $972,648 and a grand total of $17,203,703.

ECF No. 644, Reply at 2.

Also as noted previously, Plaintiff challenges only: (1) the blended hourly rate that Defendants seek; and (2) any interest for work performed after "the date of entry of judgment in this matter." ECF No. 642, Response at 2-3, 7-8.

Here, as an initial matter, the Court observes that Plaintiff does not contest the expenses sought by Defendants for this time period. See ECF No. 642, Response at 8 (Plaintiff arguing that "the maximum fees that can be awarded are $811,072.97. Adding to this amount Aventis's requested discounted costs of $101,258 would result in a total maximum additional award to Aventis of $912,330.97); see also id. at 1-8 (Plaintiff providing no objection to the $101,258 in expenses Defendants seek here). Consequently, the Court awards Defendants the undisputed amount of **$101,248 for expenses** for work performed from May 1, 2018 through November 13, 2020.

Turning now to Plaintiff's arguments, the Court finds that Plaintiff's first argument is moot because Defendants agreed in their Reply to reduce their blended hourly rate to the rate Plaintiff argued—$578 rather than the $641 originally sought by Defendants—for a total fee award of $811,056. The Court also notes that even the fees sought by Defendants—$811,056—are less than the $811,072.97 Plaintiff argues Defendants are due. See ECF No. 642, Response at 8 (Plaintiff arguing that "the maximum fees that can be awarded are $811,072.97"); see also ECF No. 644, Reply at 4 (Defendants rounding their fee request down by "$17 [as] attributable to different approaches to rounding"). Consequently, the Court awards Defendants the undisputed amount of **$811,056 for fees** for work performed from May 1, 2018 through November 13, 2020.

Finally, the Court rejects Plaintiff's argument that Defendants are not due interest for work performed after the date of entry of Judgment in this matter. As

discussed above in the previous section of the Order, this case has still not reached its final disposition as Defendants are still litigating the issue of fees in this Court and are now also litigating before the Ninth Circuit Court of Appeals. Thus, the Court finds that awarding Defendants interest for their ongoing work is appropriate here.

Consequently, the Court awards Defendants **$60,333 in interest** for work performed from May 1, 2018 through November 13, 2020 for a subtotal of **$972,648** and a grand total of **$17,203,703**.

## IV. CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Defendants' Submission is **GRANTED** in part. Specifically, Defendants are awarded **$17,203,703** for fees, expenses, and interest for work performed in this case from October 28, 2011, when the Complaint was unsealed, through November 13, 2020, when the Court issued its Fee Order.

IT IS SO ORDERED.

DATED: 05/03/2021

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge